# Richmond

J. S. Venable and Isaac Wilbert Laws v. Louise Palmer Stockner.

Wilfred N. Stockner v. J. S. Venable and Isaac Wilbert Laws.

May 4, 1959.

Record Nos. 4906, 4907.

Present, All the Justices.

The opinion states the case.

Richard L. Williams (Edward R. Parker; Bremner, Parker, Neal, Harris & Williams, on brief), for plaintiffs in error, J. S. Venable and Isaac Wilbert Laws.

Wilbur C. Allen (George E. Allen; Frank C. Maloney, III; Allen, Allen, Allen & Allen, on brief), for defendant in error, Louise Palmer Stockner.

Wilbur C. Allen (George E. Allen; Frank C. Maloney, III; Allen, Allen, Allen & Allen, on brief), for plaintiff in error, Wilfred N. Stockner.

Richard L. Williams (Edward R. Parker; Bremner, Parker, Neal, Harris & Williams, on brief), for defendants in error, J. S. Venable and Isaac Wilbert Laws.

EGGLESTON, C. J., delivered the opinion of the court.

These are separate appeals in two suits which arise out of a collision between an automobile driven by Wilfred N. Stockner, in which his wife, Louise Palmer Stockner, was a passenger, and a tractor-trailer owner by J. S. Venable and driven by his employee, Isaac Wilbert Laws. The collision occurred on December 28, 1955, at 7:00 p. m., on U. S. Route No. 360, about five miles east of Mechanicsville in Hanover County. The Stockner car was proceeding westwardly and the tractor-trailer eastwardly.

In Record No. 4906, Mrs. Stockner filed a motion for judgment against Venable and Laws to recover damages for her injuries sustained in the collision. In Record No. 4907, Stockner sued Venable and Laws to recover damages for his injuries and the loss of the car owned by him and destroyed in the collision. In the latter

case Venable filed a counterclaim against Stockner for damages to the tractor-trailer. By consent of the parties the two suits were tried together before a jury which found a verdict of $8,000 in favor of Mrs. Stockner against Venable and Laws (Record No. 4906). In the suit of *Stockner* v. *Venable and Laws* the jury found for the defendants and disallowed the counterclaim of Venable (Record No. 4907). Motions to set aside the verdicts were overruled and judgments entered in accordance therewith. From these adverse judgments the respective parties have appealed.

In each case the appellant or appellants concede that the evidence is sufficient to sustain the verdict and the main assignments of error involve the rulings of the trial court on the admissibility of certain evidence.

At the point of the collision the highway is smooth—paved to a width of about 20 feet, with painted lines dividing the lanes of travel. On each side the pavement is flanked by a dirt shoulder. Going eastwardly, the direction in which the tractor-trailer was proceeding, the highway turns to the left on a downgrade. The only eyewitnesses to the collision were the occupants of the Stockner car, that is, Stockner, the driver, and his wife, the passenger, and Laws, the driver and sole occupant of the tractor.

Both Stockners testified that as their vehicle, which was being driven in its proper lane of travel, came around the curve and approached the on-coming tractor-trailer, the latter vehicle crossed the center line of the highway and came into the westbound lane of the Stockner car, thus causing the collision.

Stockner testified that when he first saw the tractor-trailer it was about 150 feet away and on its proper side of the road; that when the vehicles were from 75 to 100 feet apart, the tractor came across the center line; and that at the time of the impact the tractor-trailer was from 18 inches to 3 feet across the center line. Mrs. Stockner estimated that at the moment of the impact the tractor-trailer was about 2 feet over the line. Stockner fixed his speed at about 45 miles per hour and estimated that of the other vehicle at about 55 to 60 miles per hour.

On the other hand, Laws, the driver of the tractor-trailer, testified that as he approached the scene at about 45 miles per hour he saw the Stockner car come around the curve and that its left wheel was on the center line; that he (Laws) applied his brakes and pulled to the right, but that as the two vehicles neared each other the Stockner

car continued across the center line into the lane of the tractor and was "approximately" 2 feet over the white line at the time of the impact. After the impact, he said, the brakes on the tractor-trailer failed to work, he was unable to control it, and his vehicle swerved across the road to the north shoulder of the highway where it caught fire.

After the impact the Stockner car came to rest on the north side of the road, headed eastwardly, and partly blocking the westbound lane. It was some 79 paces west of the place where the tractor-trailer came to rest. The car was damaged beyond repair. The main blow was to its left front and left side. The left front of the tractor was badly damaged and the tire and rim of the left front wheel were torn away, leaving the spokes exposed.

A state trooper arrived on the scene shortly after the collision and examined the pavement with a flashlight. He testified as to gouge marks found in the pavement in the eastbound lane. He observed none in the westbound lane. The tire marks made by the tractor-trailer as it swerved across the road after the impact were visible. Photographs of these markings were offered in evidence. One of the main issues in the case was which of these marks were made at the time of the collision and what inferences were to be drawn therefrom; that is, whether they showed which vehicle was on the wrong side of the highway.

The Stockners offered as a witness Ralph H. Snyder of Oklahoma City, Oklahoma, who testified that he had had twenty-five years experience as a "safety engineer, accident analyst." He first went to the scene on June 5, 1957, the day before the trial commenced and a year and a half after the accident. He examined the marks on the pavement, the photographs which had been taken of these, the photographs of the damaged vehicles, and from these undertook to reconstruct the accident and express an opinion as to how it had occurred. He was examined at length in the absence of the jury and the Stockners offered to prove by him that from his examination of the scene and the photographs he was able to determine the point of the impact, the angle of the impact, the manner in which the vehicles had collided, and the fact that at the moment of the impact the left side of the tractor-trailer protruded at least a foot and a half across the center line and into the lane of the Stockner car.

In the absence of the jury the trial court ruled that this witness could express an opinion as to the angle, but not as to the point, of

the impact, or the fact that at the moment of the impact the tractor was encroaching upon the lane of the Stockner car. This latter fact, it ruled, was "the ultimate fact in the case" to be determined by the jury. Both sides excepted to this ruling, the Stockners claiming that the whole testimony of the witness should be allowed to go to the jury, and Venable and Laws claiming that none of this testimony was admissible.

Over the objection of counsel for Venable and Laws this witness was then permitted to testify before the jury that the photographs of the two vehicles showed that the tractor-trailer unit struck the front of the Stockner car "at a very slight angle inward, but the main force was from the front toward the back." He was further permitted to express the opinion that the left front wheel of the tractor passed over the left front wheel of the Stockner car which caused the automobile to move in a counterclockwise direction, and that certain marks near the center line in the pavement were made by the spokes of the broken left front wheel of the tractor.

Despite its previous ruling that such evidence was not admissible, the trial court questioned the witness as to what extent, if any, the marks on the pavement showed that the tractor-trailer was encroaching on the lane of the Stockner car at the moment of the impact. His reply was, "There would have to be at least a foot and a half, Your Honor." The objection of counsel for Venable and Laws to this question and answer was overruled.

At the conclusion of the evidence counsel for Venable and Laws moved to strike all of the testimony of the witness, Snyder. This motion was overruled and counsel for Venable and Laws excepted.

We agree with the contention of Venable and Laws, in Record No. 4906, that none of the stated testimony of this witness was admissible. It is well settled that expert evidence concerning matters of common knowledge or those as to which the jury are as competent to form an accurate opinion as the witness is inadmissible. Or, to state the principle another way, where the facts and circumstances shown in evidence are such that men of ordinary intelligence are capable of comprehending them, forming an intelligent opinion about them, and drawing their own conclusions therefrom, the opinion of an expert founded upon such facts is inadmissible. *Atlantic Coast Line R. Co.* v. *Caple's Admx.*, 110 Va. 514, 519, 66 S. E. 855; *Richardson* v. *Lovvorn*, 199 Va. 688, 693, 101 S. E. 2d 511, 514; *Ramsey* v. *Commonwealth*, 200 Va. 245, 249, 250, 105 S. E. 2d

155, 158; *Strawderman* v. *Commonwealth*, 200 Va. 855, 108 S. E. 2d 376, decided at this session; 20 Am. Jur., Evidence, § 781, pp. 651-2.

As was pointed out in *Richardson* v. *Lovvorn, supra,* a witness may describe tire marks, skid marks, or cuts which he has observed on the pavement at or near the place of an automobile accident, but the inference to be drawn from such testimony "is solely the province of the jury." 199 Va., at page 693, 101 S. E. 2d, at page 514.

The same is true of the evidence as to the damage to the two vehicles. Here it was for the jury to say what inferences were to be drawn therefrom, and they were as capable as the proffered witness of doing so.

Hence, in the present case the testimony of the witness, Snyder, invaded the province of the jury. As the trial court had previously ruled, the critical issue to be decided by the jury was which of the two vehicles was on the wrong side of the highway. And yet this witness was permitted to express the opinion, based on the marks in the road and the photographs of the damaged vehicles, that at the time of the impact the tractor-trailer was encroaching on the lane of the Stockner car by "at least a foot and a half." Thus, the witness was invited to express an opinion on the very issue to be decided by the jury.

In overruling the motion of Venable and Laws to set aside the verdict of the jury in this case (Record No. 4906) the trial court expressed the view that the admission of the testimony of the witness, Snyder, was harmless error because, it said, the foreman of the jury had stated before the verdict was put in final form that they had decided that the accident was caused by the fault of both of the drivers. But this finding of the jury does not necessarily show that the admission of this evidence was harmless. Without the evidence of this witness the jury might have found that just before the impact the tractor-trailer was not encroaching upon the lane of the Stockner car, or was not too close to the center line.

In Record No. 4906, Venable and Laws made the further contention that the trial court erred in admitting in evidence plaintiff's Exhibit P-25, a photograph of the roadway taken three months after the accident, and Exhibit P-28, an enlargement thereof. These pictures showed marks in the eastbound lane of the pavement and within a few inches of the center line. The contention is that neither the state trooper nor any of the witnesses who examined the pave-

ment shortly after the collision saw these marks, that there is no evidence that they were made by the tractor-trailer, and may have been made since the accident.

It is true that the state trooper testified that when he examined the pavement with a flashlight shortly after the collision he did not see these marks. But he admitted that they were "somewhat similar" to other marks which he found in the pavement and which were conceded to have been made by the spokes of the broken left front wheel of the tractor. There was other evidence that the disputed marks were of the "same type" as those made by the broken tractor wheel. Laws said that they "looked like the marks" which he saw in the pavement the night of the accident.

In this situation, the admission of the photographs was within the sound discretion of the trial court, and its rulings thereon will be upheld in the absence of a clear showing that its discretion has been abused. *Thrasher* v. *Amere Gas Utilities*, 138 W. Va. 166, 75 S. E. 2d 376; 20 Am. Jur., Evidence, § 730, p. 610; *Id.*, § 731, p. 611; 32 C. J. S., Evidence, § 716, pp. 625, 626. The probative value of such photographs was for the jury. 20 Am. Jur., Evidence, § 1204, p. 1055.

What we have said with reference to the admissibility of the testimony of the witness, Snyder, disposes of the principal contention of Wilfred N. Stockner, in Record No. 4907, that the witness should have been permitted to express an opinion as to the location of the point of the impact and the fact that at that time the tractor-trailer was encroaching on the lane of the Stockner car.

In Record No. 4907, Wilfred N. Stockner complains of the action of the trial court in overruling his motion to quash a subpoena duces tecum requiring the agent of the Lumbermen's Mutual Insurance Company, the insurance carrier which covered the Stockner car, to produce statements which he (Stockner) and his wife had made concerning the accident. It is unnecessary that we consider this assignment of error. The trial court ruled that the statements were not admissible and they were not used or referred to during the trial. Consequently, the ruling of the court requiring their production was in no way prejudicial to this appellant.

For these reasons, in Record No. 4906, the judgment in favor of Louise Palmer Stockner against Venable and Laws is reversed, the verdict set aside, and the case remanded for a new trial.

In Record No. 4907, the judgment disallowing the claim of Wilfred N. Stockner against Venable and Laws and the cross-claim of Venable against Stockner is affirmed.

No. 4906—*Reversed and remanded.*
No. 4907—*Affirmed.*