## CIRCUIT COURT OF THE CITY OF RICHMOND

Leontina Graves

v.

John McCarthy et al.

August 6, 1976

Case No. 8848

By JUDGE ALEX H. SANDS, JR.

This case, by its nature, presents a very unusual factual background. The defendants, John McCarthy, and Venable & McCarthy, Ltd., were employed by the plaintiff, Leontina Graves, in a proceeding to represent her interest in a malpractice action brought against several defendants in connection with injuries allegedly sustained by Leontina Graves due to the negligence of the physicians. For some reason process in this case was not served until after a year, and the case was eventually dismissed by the court at a point at which the statute of limitations had run, thus barring the further maintenance of the action on behalf of the plaintiff.

In the present proceeding the plaintiff, Leontina Graves, seeks to recover from her former counsel, John McCarthy and Venable & McCarthy, Ltd., damages allegedly flowing from their failure to properly conduct the medical malpractice case which had been instituted by them on her behalf.

In the present proceeding the plaintiff is attempting to introduce in deposition form the testimony of a Wichita, Kansas, attorney, a Mr. Bradley Post, who is alleged to be an expert in the type of litigation involved in Mrs. Graves's medical malpractice suit, for the purpose of establishing a settlement value to be placed upon Mrs.

Graves's former suit, which is now barred by the statute of limitations.

This type of evidence would ordinarily, of course, be inadmissible as invading the province of the jury. *Certified T.V., etc.* v. *Harrington*, 201 Va. 109 (1959); *Ramsey* v. *Commonwealth*, 200 Va. 245 (1958); *Venable* v. *Stockner*, 200 Va. 900 (1959). This would be equally as true if the testimony was offered in the instant case, because should the jury determine that the defendants in the instant case were guilty of negligence resulting in the loss to the plaintiff of her right of action against the doctors, then it would become incumbent upon the jury to determine whether in fact there was any liability upon the defendants in the medical malpractice case resulting in injury to the plaintiff; and if so, the amount of damages to which such injuries would have entitled the plaintiff, both of these issues being strictly within the province of the jury.

The plaintiff in the instant case, however, has raised the very novel question as to whether or not as an alternative in the instant case to the issue of damages represented by the injury sustained by the plaintiff by virtue of the doctors' negligence the plaintiff has been deprived of the possibility of having been able to settle her medical malpractice case prior to trial. It is in respect to this element of damage that the plaintiff proposes to offer the testimony of an expert as to the settlement value which the prior case would have had prior to the trial of the case. If this, in fact, is an element of damage which can be taken advantage of by the plaintiff in the instant proceeding, then the deposition of Mr. Post might constitute proper evidence upon that specific issue.

Before considering the question of the admissibility of the deposition offered by plaintiff, we must first consider the merit of the issue of damages in support of which this deposition is offered. Is "settlement value" a proper issue of damages in a case such as that under consideration? This, as stated, is a novel question. The court has not been cited to, nor has it been able to find, any authority in support of or opposed to this issue. The case of *Smith* v. *Lewis*, 530 P.2d 589, cited by plaintiff is not helpful on this point. After mature consideration,

however, the court has reached the conclusion that this issue of damages would be extremely speculative and would involve any number of variables, and for this reason should be rejected. The court so holds.

The above ruling will dispose of the question raised as to whether the interoffice communication of the St. Paul Fire & Marine Insurance Company should be made subject to discovery. Under the above ruling it clearly is not discoverable.