# Richmond

JOHNNY PAUL SCHOOLER

v.

COMMONWEALTH OF VIRGINIA

No. 1825-90-2

Decided May 5, 1992

COUNSEL

Cheri L. Hodges (Wells, Paris, Blank & Brown, on briefs), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

BRAY, J.—Johnny Paul Schooler (defendant) was convicted in a bench trial of involuntary manslaughter and sentenced to three years imprisonment, all of which was suspended. On appeal, he contends that the trial court erred in admitting into evidence the opinion of an accident reconstruction expert. We agree and reverse the conviction.

The record discloses that Henrico County Police Officer Brian Cook (Cook), while on routine patrol, noticed an automobile "drifting over the center line" of the roadway and decided to "stop the vehicle . . . for a possible D.U.I." Cook activated his blue lights, high beams and spotlight, but the suspect vehicle only slowed, without stopping. As Cook followed, the vehicle increased speed and Cook pursued, with his siren on.

During the chase, both vehicles passed another automobile at speeds estimated by that driver at "85 or 90 m.p.h." Moments later, Cook "lost sight" of the fleeing car in a curve and, as he "came around the corner," "saw a large amount of debris coming from the roadway." Cook "immediately . . . hit the brakes," but collided with the suspect vehicle.

Subsequent investigation revealed that defendant was the operator of the automobile and had been accompanied by a passenger. The passenger's body was found approximately twenty feet from defendant's vehicle, and he died as a result of injuries suffered in the accident.

At trial, the Commonwealth presented Officer J. T. Cipolla (Cipolla) as "an expert in the field of crash reconstruction." Over defendant's objection, Cipolla was allowed to relate his findings at the scene of the accident and to state his resulting opinion that defendant's vehicle "impacted the tree on the left front grill area

on the left hand side of the vehicle" and then "rotated to the right re-entering the roadway in front of the police vehicle."

██ It is well settled in Virginia that the opinion of an expert witness is admissible "where 'the jury, or the court trying a case without a jury, is confronted with issues'" that "'cannot be determined intelligently merely from the deductions made and inferences drawn on the basis of ordinary knowledge, common sense, and practical experience gained in the ordinary affairs of life'" and thus require "'scientific or specialized knowledge.'" *Compton v. Commonwealth*, 219 Va. 716, 726, 250 S.E.2d 749, 755-56 (1979) (quoting 31 Am. Jur. 2d *Expert and Opinion Evidence* § 16 (1967)); *see also Swiney v. Overby*, 237 Va. 231, 233, 377 S.E.2d 372, 374 (1989); *Hubbard v. Commonwealth*, 12 Va. App. 250, 254, 403 S.E.2d 708, 710 (1991), *aff'd on other grounds*, 243 Va. 1, 413 S.E.2d 875 (1992). Conversely, "where the facts and circumstances shown in evidence are such that men of ordinary intelligence are capable of comprehending them, forming an intelligent opinion about them, and drawing their own conclusions," expert opinion "founded upon such facts is inadmissible." *Venable v. Stockner*, 200 Va. 900, 904, 108 S.E.2d 380, 383 (1959); *see also Bond v. Commonwealth*, 226 Va. 534, 538, 311 S.E.2d 769, 771 (1984); *Grasty v. Tanner*, 206 Va. 723, 726, 146 S.E.2d 252, 254 (1966); *Hubbard*, 12 Va. App. at 254, 403 S.E.2d at 710; *Callahan v. Commonwealth*, 8 Va. App. 135, 138, 379 S.E.2d 476, 478 (1989).

The Supreme Court considered facts much like those now before us in *Venable*. There, plaintiffs sued to recover for injuries suffered in a collision between their automobile and a tractor-trailer. 200 Va. at 901, 108 S.E.2d at 381. Plaintiffs contended that the tractor-trailer "came across the center line" of the road, causing the accident, and offered the opinion of a "'safety engineer, accident analyst'" in support of this theory. *Id.* at 902-03, 108 S.E.2d at 382-83. Based upon an examination of physical evidence and photographs, the expert opined that the tractor-trailer had entered plaintiff's lane of travel by "'at least a foot and a half'" and that the "left front wheel of the tractor passed over the left front wheel of the Stockner car," which caused "the automobile to move in a counterclockwise direction." *Id.* at 904, 108 S.E.2d at 383.

The Supreme Court noted that, while "a witness may describe tire marks, skid marks, or cuts which he has observed . . . at or near the place of an automobile accident," the "inference to be drawn from such testimony 'is solely the province of the jury.'" *Id.* at 905, 108 S.E.2d at 383-84 (quoting *Richardson v. Lovvorn,* 199 Va. 688, 693, 101 S.E.2d 511, 514 (1958)). The Court regarded the jury "as capable as the proffered witness" to evaluate such evidence and ruled the opinion inadmissible. *Id.* at 905, 108 S.E.2d at 384.

Similarly, in *Grasty,* the Supreme Court held that an expert opinion of the speed of an automobile, which resulted from an "examination of [the] damaged vehicle and surrounding conditions," was improperly admitted. 206 Va. at 726, 146 S.E.2d at 254. Once again, the Court concluded that "[r]easonable men were capable of drawing their own conclusions" from the facts presented, and that the expert "invaded the province of the jury." *Id.* at 727, 146 S.E.2d at 254-55.

In *Callahan,* this Court held that the trial court erred in admitting the testimony of a fire marshal concerning the origin of a fire. While we recognized that an expert witness "may detail the facts and observations which came to his attention while investigating the fire . . . the court must 'permit the jurors to draw their own conclusions as to the cause' of the fire." 8 Va. App. at 139, 379 S.E.2d at 479 (quoting *Ramsey v. Commonwealth,* 200 Va. 245, 250, 105 S.E.2d 155, 159 (1958)); *see also Llamera v. Commonwealth,* 243 Va. 262, 414 S.E.2d 597 (1992).

Although we recently countenanced expert opinion testimony as to the speed of an automobile in *Hubbard,* we emphasized that the "measurements and computations" utilized by these witnesses "were dependent upon particular and specialized scientific training and experience," "matters . . . not within the realm of ordinary observation and assessment." 12 Va. App. at 257, 403 S.E.2d at 711. The "matters" related to the instant case, however, required no "scientific or specialized knowledge," but were susceptible to determination "on the basis of [the] ordinary knowledge, common sense, and practical experience" of lay persons. *See Compton,* 219 Va. at 726, 250 S.E.2d at 755.

■ Cipolla was properly permitted to describe the paint discovered on a tree, damage to the vehicles and the length and location

of the skid marks. *See Venable,* 200 Va. at 905, 108 S.E.2d at 383. However, the inferences to be drawn from such testimony belonged solely to the factfinder. *Id.* at 905, 108 S.E.2d at 383-84. We recognize that the trial court has wide discretion with respect to the admission of expert opinion testimony, but such evidence in this case was both unnecessary and inadmissible. *See Thorpe v. Commonwealth,* 223 Va. 609, 614, 292 S.E.2d 323, 326 (1982); *Norfolk & W. Ry. v. Keatley,* 211 Va. 507, 510, 178 S.E.2d 516, 518 (1971).

Accordingly, the judgment of the trial court is reversed and the case is remanded for such further proceedings as the Commonwealth deems appropriate.

*Reversed and remanded.*

Willis, J., concurred.

Benton, J., concurring.

I join in the opinion except for that portion which favorably emphasizes the holding of this Court in *Hubbard v. Commonwealth,* 12 Va. App. 250, 403 S.E.2d 708 (1991). Although *Hubbard* was affirmed on appeal to the Supreme Court, *see* 243 Va. 1, 413 S.E.2d 875 (1992), I believe that we and the trial court must acknowledge (1) that the Supreme Court did not reach the merits of the reconstructed opinion evidence, and (2) that a separate concurring opinion "make[s] explicit that which is implicit in the opinion, that is, the Court is not endorsing the Court of Appeals' ruling approving the use of reconstructed opinion evidence of speed in this case." *Id.* at 16, 413 S.E.2d at 883.

I believe it is sufficient to say that the expert's opinion concerning speed, rotation, and movements of the vehicle at issue in this case is prohibited by *Bond v. Commonwealth,* 226 Va. 534, 538, 311 S.E.2d 769, 771-72 (1984), and *Grasty v. Tanner,* 206 Va. 723, 726, 146 S.E.2d 252, 255 (1966). The discussion of *Hubbard* is best left for another day.