COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia


KELLY PAIGE EDWARDS
                                    MEMORANDUM OPINION* BY
v.  Record No. 2362-97-1           JUDGE JAMES W. BENTON, JR.
                                         SEPTEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                      John M. Folkes, Judge

           David B. Hargett (Joseph D. Morrissey;
           Morrissey, Hershner & Jacobs, on brief), for
           appellant.

           Marla Graff Decker, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     The trial judge convicted Kelly Paige Edwards of operating a

motor vehicle while under the influence of alcohol.  See Code

§ 18.2-266.  Edwards contends that the trial judge erred (1) by

failing to suppress the arresting officer's testimony concerning

the basis for stopping Edwards' vehicle and (2) by refusing to

permit defense witnesses to testify concerning events related to

the stop.  For the reasons that follow, we affirm the conviction.

                               I.

     Edwards first contends that "the trial [judge] err[ed] by

failing to suppress evidence obtained as a result of the traffic

stop when the arresting officer, who did not offer any testimony

as to his knowledge, training, and experience, merely observed

---
          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[Edwards'] tires touch the centerline, and therefore the officer did not possess a legally sufficient 'reasonable articulable suspicion' that [Edwards] was engaged in criminal activity."

When we review a trial judge's denial of a motion to suppress, we consider de novo the ultimate questions of reasonable suspicion and probable cause. See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996). "In performing such analysis, we are bound by the trial [judge's] findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by [the trial judge] and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997).

At the suppression hearing, Police Officer Doss testified that he saw two vehicles in a business complex at 1:30 a.m., when all the businesses were closed. As the vehicles left the parking area, the officer followed one of the vehicles onto Route 17. When the officer saw the vehicle "cross or touch the centerline a few times," he activated the video camera mounted in his vehicle. The officer followed the vehicle as it entered another parking lot. When the vehicle left the parking lot, the officer followed it on several other roadways. The officer observed the vehicle cross the center line again. Later, he saw the vehicle straddle the yellow line as it made a "wide right" turn. The officer stopped the vehicle to investigate whether the driver was under

- 2 -

the influence of alcohol.  As the officer testified, the trial judge and the other participants at the trial viewed the videotape.

When the officer approached Kelly Edwards, the driver of the vehicle, the officer smelled a strong odor of alcohol coming from the interior of the vehicle.  Edwards admitted that she drank several beers that evening, consuming the last beer two hours before the stop.  The officer demonstrated to Edwards a "finger count test" that he intended to use to judge Edwards' sobriety.  While testifying, the officer admitted that he did not properly demonstrate the test.  The officer also testified that when Edwards exited her vehicle, she swayed as she walked to the rear of her vehicle.  After Edwards took a preliminary breath test, the officer arrested her for driving under the influence of alcohol.

In our review of Edwards' claim that the trial judge improperly overruled Edwards' motion to suppress the evidence, we are guided by the following principles:

> "'When the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes.'"  "In order to justify an investigatory stop of a vehicle, the officer must have some reasonable, articulable suspicion that the vehicle or its occupants are involved in, or have recently been involved in, some form of criminal activity."  "To determine whether an officer has articulated a reasonable basis to suspect criminal activity, a court must consider the totality of the circumstances, including the officer's knowledge, training, and experience."  "'[A] trained law enforcement

> officer may [be able to] identify criminal behavior which would appear innocent to an untrained observer.'"

Neal v. Commonwealth, 27 Va. App. 233, 237-38, 498 S.E.2d 422, 424 (1998) (citations omitted).

The evidence proved that on the morning of the incident the officer was a lieutenant on uniformed patrol and was the shift supervisor. When the officer testified concerning events he observed, he illustrated his testimony by using the videotape he made while observing those events. His testimony was more than sufficient to prove that he observed "erratic driving behavior." See Neal, 27 Va. App. at 239 n.3, 498 S.E.2d at 425 n.3. Indeed, the officer testified that Edwards' vehicle crossed the center line several times and made an improper turn.

The trial judge observed the videotape and came to the same conclusion, finding that Edwards "crossed the centerline a couple of times." Under those circumstances, "a brief detention for [an] investigative purpose is justified where an officer has reasonable suspicion supported by articulable facts that 'criminal activity may be afoot.'" Harmon v. Commonwealth, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992) (citation omitted). Because the officer had a reasonable, articulable suspicion that Edwards was driving improperly, see May v. Commonwealth, 3 Va. App. 348, 353-54, 349 S.E.2d 428, 431 (1986), the trial judge did not err in denying the motion to suppress.

II.

- 4 -

At the hearing on the motion to suppress, Edwards sought to introduce the testimony of two expert witnesses to comment upon the events shown on the videotape. One proposed witness, a former state trooper, would have testified that when he observed the videotape, he saw Edwards commit no traffic infractions. The other witness, a defensive driving coordinator, would have rated Edwards' driving performance on the videotape. The trial judge excluded the proffered testimony. Edwards contends that "the trial [judge] err[ed] in refusing to permit testimony from [her] witnesses who would have testified as to the measurements of the road, the obstructions adjacent to the road which would justify defensive-driving measures, the number of vehicles that routinely touch the centerline at various locations, and their opinions that [Edwards], whose driving was captured by video, neither drove erratically nor committed any traffic infractions."

The principle is well established in Virginia that "where the facts and circumstances shown in evidence are such that men of ordinary intelligence are capable of comprehending them, forming an intelligent opinion about them, and drawing their own conclusions therefrom, the opinion of an expert founded upon such facts is inadmissible." Venable v. Stockner, 200 Va. 900, 904, 108 S.E.2d 380, 383 (1959).

The trial judge had the opportunity to view the videotape and did so while the officer testified. Based on the officer's testimony and the events depicted on the videotape, the trial

judge drew his own conclusions regarding appellant's driving on the night in question and whether the officer had a reasonable articulable suspicion that Edwards was driving improperly.  The proffered expert testimony would have invaded the province of the trial judge as the trier of fact.  See Schooler v. Commonwealth, 14 Va. App. 418, 422, 417 S.E.2d 110, 112 (1992).  Accordingly, we hold that the trial judge did not err in excluding the expert testimony.

For these reasons, we affirm the judgment.

Affirmed.