# Nora F. Swiney, Administratrix, etc.

## v.

# Andrew Overby

Record No. 870188

March 3, 1989

Present: All the Justices

*Robert W. Mann (Robert L. Bushnell; Young, Haskins, Mann & Gregory, P.C.*, on briefs), for appellant.

*Edwin A. Gendron, Jr. (Gendron & Kirby*, on brief), for appellee.

*(Glenn W. Pulley; Clement & Wheatley*, on brief), for Erie Insurance Company.

CARRICO, C.J., delivered the opinion of the Court.

On September 4, 1985, the defendant, Andrew Overby, pulled his pickup truck to the side of the highway as a funeral procession proceeded in the opposite direction. The rear end of the pickup truck partially blocked the roadway. The plaintiff's decedent, Bradley Lynn Swiney, was driving a loaded logging truck when it collided with the defendant's pickup truck.

The plaintiff sought damages from the defendant for wrongful death of the plaintiff's decedent. The jury was instructed that the defendant was negligent as a matter of law and that the only issue was whether the plaintiff's decedent was guilty of contributory negligence. To support his contention of contributory negligence, the defendant introduced expert testimony that the sight distance for stopping was 590 feet and that the stopping distance was 271 feet. The jury returned a verdict for the defendant, upon which the trial court entered judgment.

The plaintiff's appeal is based on the admission of the expert testimony of Trooper Ralph Howell and Ronald Kirk regarding stopping distances. In calculating stopping distances, both experts used an assumed brake condition and speed.

The plaintiff argues that the testimony of these experts, which undertakes to reconstruct an event, should not have been admitted because it did not consider every variable impacting on the event. Specifically, the plaintiff maintains the actual condition of the truck's brakes was unknown. Therefore, the plaintiff concludes, under *Thorpe v. Commonwealth*, 223 Va. 609, 292 S.E.2d 323 (1982), and *Grasty v. Tanner*, 206 Va. 723, 146 S.E.2d 252 (1966), "missing variables" exist and the experts' opinions were therefore inadmissible speculation.

The defendant argues that *Grasty* does not demand the exclusion of the experts' testimony. First, the defendant argues that the

issue of stopping distance is beyond the general knowledge of the trier of fact and therefore appropriate for expert testimony. The defendant notes that Code § 46.1-195, Tables of Speed and Stopping Distances, reflects legislative recognition of the need for expert evidence on this issue. The Code states that: "All courts shall take notice of the [included] . . . tables of speed and stopping distances of motor vehicles . . . ." It follows then, the defendant contends, that once an individual has been qualified as an expert in the area of stopping distances, all his testimony is admissible, and that it is up to the trier of fact to determine the credibility and weight to be given the testimony.

We will assume, without deciding, that expert testimony may be admitted to establish stopping distances. Nevertheless, the defendant's main premise is erroneous. Qualification of an expert witness does not insure admission of his every statement and opinion. Code § 8.01-401.1 allows an expert to express an opinion without initially disclosing the basis for the opinion and to base the opinion on hearsay evidence otherwise inadmissible. It does not, however, relieve the court from its responsibility, when proper objection is made, to determine whether the factors required to be included in formulating the opinion were actually utilized. *Gaalaas* v. *Morrison*, 233 Va. 148, 157, 353 S.E.2d 898, 903 (1987). If all the factors are not utilized, the court should exclude the opinion evidence. *Mary Washington Hosp.* v. *Gibson*, 228 Va. 95, 99, 319 S.E.2d 741, 743 (1984).

Expert testimony is appropriate to assist triers of fact in those areas where a person of normal intelligence and experience cannot make a competent decision. *See, e.g., Richmond Newspapers* v. *Lipscomb*, 234 Va. 277, 296, 362 S.E.2d 32, 42 (1987); *Peter* v. *Shortt*, 214 Va. 399, 404, 200 S.E.2d 547, 551 (1973); *Grasty* v. *Tanner*, 206 Va. at 726, 146 S.E.2d at 254. But a predicate substantially duplicating each factor impacting on the original event must be established because of the significant weight the jury may give to this sort of testimony. Hypothetical events, unrelated in any major particular to the original event, can have little probative value and must be disallowed because of their prejudicial and confusing impact on the fact finder.

There is no dispute that the actual condition of the decedent's brakes was not in evidence and therefore could not have been utilized by either expert in formulating his opinion. This omission is clearly a "missing variable" and falls precisely within

the holding of *Grasty*. Accordingly, we will reverse the judgment of the court below and remand the case for a new trial.

*Reversed and remanded.*

LACY, J., dissenting.

The majority rejects the use of expert testimony in this case because the testimony failed to establish that each and every factor forming the basis of the opinion was identical to the factors existing in the accident itself. Without such identity, the majority holds the expert testimony deficient.

In my opinion, the Virginia General Assembly, by enacting Code § 46.1-195, entitled "Tables of Speed and Stopping Distances," has recognized the need for expert evidence on stopping distances. This is the first test set out in *Grasty v. Tanner*, 206 Va. 723, 146 S.E.2d 252 (1966). The expert testimony in this case was no more than an extension of the chart contained in that statute. Certainly the factors assumed by both experts here were substantially similar to those involved in the accident. The weight of the logging truck, angle of the grade, and road conditions closely resembled the conditions at the time of the accident. The speed assumed was the lawful maximum, although alternative stopping distances were testified to for differing speeds. The record does not disclose any evidence regarding the decedent's actual speed. The evidence did show the decedent's brakes were sufficient to pass state inspection, and the owner of the vehicle testified that the brakes were in good condition. The experts' testimony was based upon the same assumption.

My review of the record indicates that neither expert witness opined whether the specific truck of the decedent did, could, or should have stopped within 271 feet. Both testified that a hypothetical truck could stop in a stated distance under assumed conditions. The circumstances, or factors, were sufficiently similar to the conditions surrounding the actual event to provide legitimate assistance to the jury. The testimony also clearly indicated to the jury that other factors, such as the driver's actual response time and the speed of the truck, would also impact what actually happened. The jury was entitled to weigh the conclusions of the experts in the light of the actual conditions existing at the time of the accident, as shown by the evidence.

The admissibility of expert testimony is within the sound discretion of the trial court. *See Thorpe* v. *Commonwealth*, 223 Va. at 614, 292 S.E.2d at 326; *Noll* v. *Rahal*, 219 Va. 795, 800, 250 S.E.2d 741, 744 (1979). Neither expert ignored brake conditions in formulating his opinion. In this case, the experts disagreed about the impact various brake conditions would have had on the truck's stopping distance. I do not agree that the brake condition was a "missing variable" as contemplated in *Grasty*. Accordingly, the trial court did not abuse its discretion in admitting the expert testimony of Trooper Howell and Mr. Kirk, and I would affirm the judgment of the trial court.

RUSSELL, J., joins in dissent.