# Frank C. Bowers, Jr.

## v.

# Helen Huddleston, et al.

Record No. 900626

January 11, 1991

Present: All the Justices

*David N. Montague (Montague, Saunders & Desaulniers*, on brief), for appellant.
*Eugene M. Jordan (Jordan, Ishon & Jordan*, on brief), for appellees.

JUSTICE RUSSELL delivered the opinion of the Court.

This *devisavit vel non* case involves the problem of proving, by expert testimony, that a holographic will is "wholly in the handwriting of the testator," as required by Code § 64.1-49.[1] The specific question is whether an expert's testimony, comparing the will with exemplars of the testator's handwriting, is sufficient without proof, by a disinterested witness, that the exemplars were themselves in the testator's handwriting. The chancellor held such testimony insufficient, and we agree.

The facts are undisputed. Anne S. Brody, a resident of the City of Hampton, died on May 3, 1989. In December 1983, she had mailed to Frank C. Bowers, Jr., an attorney in Carmel, New York, (the proponent) a handwritten letter which reads as follows:

Dec 1, 1983

Dear Frank Bowers, Jr.
Attorney and Counseler [sic] at Law

I want

you & my Sister Helen
Huddleston of 705 Modesto

---

[1] "If the will be wholly in the handwriting of the testator that fact shall be proved by at least two disinterested witnesses." Code § 64.1-49.

Street Santa Cruz Ca. 95060
to be my Legal Heirs

God Bless you both.

> Yours Truly
> Mrs Anna Brody

In July 1989, the proponent filed a "Bill to Establish a Will" in the trial court, attaching a copy of the letter quoted above and convening the parties who would be Mrs. Brody's heirs if she had died intestate (the contestants). On January 12, 1990, the chancellor heard evidence *ore tenus*. The proponent presented the testimony of Terrence Martin, an attorney practicing in Newport News, who had represented Mrs. Brody in her last years. Mr. Martin testified that he had several documents in his file upon which to base a familiarity with Mrs. Brody's handwriting and that the purported will appeared to be in her handwriting. Mr. Martin had no interest in the outcome of the case.

The only other disinterested witness to testify with respect to the handwriting of the purported will[2] was Lawrence M. Farmer, an examiner of questioned documents who had been employed as a special agent for the United States Secret Service for 23 years as an expert in the comparison of handwriting. The contestants made no objection to his qualification as an expert witness. Counsel for the proponent had furnished Mr. Farmer with the original purported will and with a series of handwritten letters from Mrs. Brody to the proponent (the exemplars). The expert's opinion was that the purported will and the exemplars were written by the same hand. He had never met Mrs. Brody and had no personal familiarity with her handwriting. His knowledge of the authenticity of the exemplars was based entirely on the representations made to him by counsel for the proponent.

No disinterested witness testified that the exemplars were in Mrs. Brody's handwriting. The proponent testified that he had received the letters in the mail and Mr. Farmer testified that he had received them from counsel and had compared them with the purported will. Although they were marked for identification and are included in the record, they were not received in evidence.

---

[2] The proponent and Helen Huddleston, the decedent's sister, both testified that the purported will was written in Mrs. Brody's handwriting. As beneficiaries under the purported will, they were not "disinterested witnesses."

At the conclusion of the proponent's case, the contestants made a motion to strike the evidence. The court sustained the motion and dismissed the bill by final decree entered February 16, 1990, ruling that the proponent had failed to prove, by two disinterested witnesses as required by Code § 64.1-49, that the purported will was in the decedent's handwriting. We granted the proponent an appeal.

The sole question presented on appeal is whether the proponent's evidence met the statutory requirement. Mr. Martin was a disinterested witness whose testimony tended to prove the fact in issue, but the two beneficiaries named in the purported will failed to meet the statutory criterion. We must focus, therefore, on the expert testimony. In ruling on the motion to strike, the trial court observed: "Mr. Farmer, though he testified that the documents . . . seemed to have been written by the same hand, he was not in the position to say whose hand it was."

A treatise widely respected in Virginia comments:

> In contested cases the testimony of expert examiners of records is frequently heard and is generally accorded great weight by the court and jury. But the comment should be made that such testimony, however enlightening and convincing it may be, *can never be sufficient, standing alone, to justify the admission of a holograph will to probate.* It is only upon the testimony *of two disinterested witnesses* that such a will can be probated.

B. Lamb, Virginia Probate Practice § 33 at 109-110 (1957) (emphasis in original). We take Judge Lamb's caveat to refer not to the failure of the expert to qualify as a disinterested witness — an expert may surely be free of any interest in the estate, the will, or the controversy — but rather to refer to the expert's inability to identify the handwriting in question as that of the testator, except in the rare situation in which expert and testator had been personally acquainted.

Expert opinion testimony is frequently based on hearsay factual information, and that is no bar to admission of the expert opinion in a civil case.[3] Code § 8.01-401.1; *Swiney v. Overby*, 237

---

[3] The rule is otherwise in criminal cases, *Simpson v. Commonwealth*, 227 Va. 557, 566, 318 S.E.2d 386, 391 (1984), and it does not extend to hearsay opinion. *McMunn v. Tatum*, 237 Va. 558, 566, 379 S.E.2d 908, 912 (1989).

Va. 231, 233, 377 S.E.2d 372, 374 (1989). That fact, however, does not "relieve the court from its responsibility, when proper objection is made, to determine whether the factors required to be included in formulating the opinion were actually utilized." *Swiney*, 237 Va. at 233, 377 S.E.2d at 374. In the circumstances of this case, the expert testimony did nothing to accomplish the statutory requirement of proof, by a second disinterested witness, that the purported will was in the decedent's handwriting.

The proponent argues on brief that "this ruling, if allowed to stand, means that handwriting experts cannot be used to identify holographic wills except in the exceedingly rare case where the expert knew the testator prior to death and had seen him write." We do not share that concern. For example, where two disinterested witnesses, familiar with the testator's handwriting, are not available to identify the handwriting in a holographic will, a disinterested witness might still be able to identify, at a *devisavit vel non* trial, other documents known by him to be written by the testator. Those documents, introduced in evidence, could be utilized by an expert as exemplars for comparison with the purported will.[4]

Although a witness might be incapable of making an expert comparison between two questioned documents, the statute does not require such expertise. The witness might still be able to authenticate exemplars of the testator's handwriting, based upon first-hand knowledge of circumstances tending to prove that they had emanated from the hand of the testator. If such exemplars were then compared to a holographic will by satisfactory expert testimony, the resulting chain of circumstantial proof could, in our view, meet the statutory requirement.

Because the expert testimony in the present case lacked such a factual basis, a link in the requisite chain of proof was absent and the chancellor correctly granted the contestants' motion to strike the evidence.

---

[4] The customary form for the *ex parte* probate of a holographic will provides for two witnesses to depose that they are disinterested, that they were well acquainted with the decedent during his lifetime, that they are familiar with his handwriting, and that the purported will, including the signature, is wholly in his handwriting. *See* Virginia Probate Practice, § 49. We do not think the statute requires this degree of elaboration from each witness in a contested case.

For the reason stated,[5] the decree appealed from will be

*Affirmed.*

---

[5] The proponent also contends on appeal that the chancellor erroneously ruled that the evidence failed to show that the writing in question was intended as a will, but the record does not indicate that the chancellor based his decision upon that ground. Because of the view we take of the failure of proof of the will, we do not reach the question of testamentary intent.