## CIRCUIT COURT OF WARREN COUNTY

Margie A. Sperry
and Marian E. Broyles,
Co-Administrators
of the Estate of
Ruby L. Berry, Deceased

v.

Schuyler Enterprises, Inc.,
Robert L. Wells, and
Madelyn V. Fogle

June 18, 1993

Case No. (Law) 91–140

By JUDGE JOHN E. WETSEL, JR.

Following the hearing on June 16, I thought it would be advisable to clarify the principles which will govern the consideration of the admissibility of the testimony of the licensed clinical social worker on the issues of the counseling of the statutory beneficiaries and the costs of that counseling, and the grounds upon which I ruled on the motions *in limine* with respect to the expert testimony and the mental anguish claims. I also direct your attention to the copy of the enclosed order, in that I have determined that lay witnesses, such as neighbors and friends like Fogle, may testify as to the personality and habits of the decedent, to the extent that they are material.

## I. *Principles Governing Expert Witnesses*

"Expert testimony is appropriate to assist triers of fact in those areas where a person of normal intelligence and experience cannot make a competent decision." *Swiney v. Overby*, 237 Va. 231, 233, 377 S.E.2d 372 (1989). The Virginia appellate courts have consistently guarded the prerogative of the jury to draw conclusions in areas of common human experience without the assistance of expert testimony. In the recent wrongful death case of *Brown v. Corbin*, 244 Va. 528, 423 S.E.2d 170 (1992), the Supreme Court reaffirmed its reluctance to accept the testimony of accident reconstruction experts and ruled that the trial court had abused its discretion in admitting the testimony of an accident reconstruction expert, stating that expert testimony is inadmissible on any subject on which the ordinary lay person of average intelligence is equally capable of reaching his or her own conclusion and that to admit the testimony of experts under such circumstances is rarely permitted because it invades the province of the jury. However, the testimony of psychologists, psychiatrists, or other duly qualified health care professionals is regularly received by courts in the Commonwealth on the issue of the emotional distress or mental anguish sustained by a party entitled to compensation such as the statutory beneficiaries in this case.

Having crossed the first hurdle of whether the subject matter is one on which expert opinion is admissible, the second hurdle to be crossed is whether the individual offered to testify qualifies as an expert. The trial court retains discretion to determine the qualifications of an expert witness, and the facts must show that the witness "possessed sufficient knowledge, skill or experience to make him competent to testify as an expert on the subject matter of the inquiry." *Noll v. Rahal*, 219 Va. 795, 800, 250 S.E.2d 741 (1979). While it is not required that an expert be highly qualified, since the weight to be given the expert opinions is solely for the trier of the fact, *Walrod v. Matthews*, 210 Va. 382, 389, 171 S.E.2d 180 (1969), the trial court must be satisfied that there is some reasonable basis for the expert's opinion so that it is some value to the jury. "While the general qualifications for expert testimony are broad and subject to a liberal construction, in all situations, the qualifications of an expert must be determined relative to the particular subject on which an opinion is to be offered in evidence. In making a determination as to a particular witness, a court is required, in its discretion, to pass on the question of the field of expert testimony

which may be involved in a particular situation." 31A Am. Jur. 2d, *Expert and Opinion Evidence*, § 55. Since there are many fields of potential expert inquiry, there are many roads by which an expert may become qualified, which has produced the broad appellate observations such as those of *Kern v. Commonwealth*, 2 Va. App. 84, 86, 341 S.E.2d 397 (1986):

> The standard of review on appeal where the admissibility of expert testimony is challenged is whether the trial court abused its discretion. *Thorpe v. Commonwealth*, 223 Va. 609, 614, 292 S.E.2d 323, 326 (1982). It is well established that no formal training or education is necessary to qualify as an expert. Expertise may be acquired through an avocation or a hobby. C. Friend, *The Law of Evidence in Virginia*, § 215 at 461 (2d Ed. 1983). Knowledge may be the product of home study or experience, or both. *Noll v. Rahal*, 219 Va. 795, 801, 250 S.E.2d 741, 745 (1979). All that is necessary for a witness to qualify as an expert is that he have "sufficient knowledge of his subject to give value to his opinion," *Norfolk & Western Railway Co. v. Anderson*, 207 Va. 567, 571, 151 S.E.2d 628, 631 (1966), and that he be better qualified than the jury to form an inference from the facts. C. Friend, *The Law of Evidence in Virginia*, § 215 at 461 (2d Ed 1983).

The Court's review of the manner in which the expert acquired his knowledge is in large measure dependent upon the subject matter of inquiry. For example, a police detective by experience alone may become an expert in sports book making, just as a criminal engaged in that illegal behavior may. *See, Papuchis v. Commonwealth*, 15 Va. App. 281 (1992). Similarly, a businessman by virtue of his experience in a particular field, such as the banking, may become an expert as to the trade customs of that industry. *See, Tazewell Oil Co. v. United Virginia Bank*, 243 Va. 94, 110, 413 S.E.2d 611 (1989). On the other hand, there are other subjects of inquiry in which the expert customarily becomes qualified by a prescribed curriculum of study combined with experience, such as in medical or psychological matters, which are beyond the range of common experience and are customarily the subject of expert testimony. *See*, Friend, *Law of Evidence in Virginia*, § 216. In technical areas of developed human learning like medicine and psychology, trained experts in the field of inquiry are generally

required. *See, Bly v. Rhoads*, 216 Va. 645, 650, 222 S.E.2d 783 (1976) (medical malpractice action rejecting the relaxed modern trend); and *Nelson v. Commonwealth*, 235 Va. 228, 236, 368 S.E.2d 239 (1988) (architectural malpractice). In assessing the qualifications of the expert, the Court must determine whether the expert has a reliable foundation upon which to potentially express an opinion. *See, e.g.*, 31A Am. Jur. 2d, *Expert and Opinion Evidence*, § 180 (Factors to assess testimony of psychologist). Physicians and psychologists customarily acquire their expertise by a prescribed course of study, and, while a lay person who has read *Gray's Anatomy* and a text book on psychology, may have more knowledge about surgical procedures than the ordinary juror, it would strain judicial discretion for a court to determine that such a person was an expert on psychological matters about which he had read but had no practical experience. Such a self-schooled person is a dilettante, not an expert. Moreover, being an expert in one field does not mean that the expert may testify about matters in which he has little training or qualification. *See, Clinebell v. Commonwealth*, 3 Va. App. 362, 369, 349 S.E.2d 676 (1986) (an optometrist not permitted to testify about psychiatric matters); *VEPCO v. Lado*, 220 Va. 997, 1005, 266 S.E.2d 431 (1980) (expert real estate appraiser could not testify about the hazards of electricity).

The statutory beneficiaries in this case have been seen by a licensed clinical social worker, and that social worker, if found to be qualified, will be permitted to testify as to her observations and treatment of the statutory beneficiaries within the field of her proven expertise. *See*, Virginia Code § 57.1–3700. The extent to which this witness may express opinions as to psychological diagnoses and treatment remains to be proved.

## II. *Damages for Mental Anguish*

Virginia Code § 8.01–52(1) expressly permits a statutory beneficiary to be compensated for the mental anguish which he has suffered as a result of a death of his relative. Therefore, except for causation, the principles governing liability for the recovery of mental anguish or damages for a psychological condition resulting from a nontactile tort have no application to a wrongful death action.

Mental anguish is a person's mental reaction to a loss or injury, 22 Am. Jur. 2d, *Damages*, § 251; *accord, Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160 (1991); and it may be inferred from the nature of the

injury or loss. *See, e.g., Bell v. Kirby*, 226 Va. 641, 645–646, 311 S.E.2d 799 (1984) (personal injury); and *Gamble v. Hill*, 208 Va. 171, 180, 156 S.E.2d 888 (1967) (wrongful death of young girl without direct proof of mental anguish). "When the case is a proper one for the recovery of damages for mental anguish . . . any competent evidence which tends to establish or dispute the fact that the plaintiff suffered mental anguish as a result of the defendant's act is admissible." 22 Am. Jur. 2d, *Damages*, § 932. "[F]or purposes of proving grief, mental anguish, or suffering of a surviving parent (or statutory beneficiary), the Courts look with favor upon expert psychiatric testimony to provide a reasonably reliable basis for award of such damages, and to prevent the jury from falling into speculation, conjecture, and sympathy." Annotation, *Recovery of Damages for Grief or Mental Anguish Resulting from Death of Child — Modern Cases*, 45 A.L.R. 4th 234, 245 (1986).

### Order

This case came before the Court on June 16, 1993, for argument on the Defendants' objections to the testimony by the Plaintiffs' proffered expert, Mila Tecala, and on the Plaintiffs' Motion in Limine with respect to the issue as to whether the relationship between Defendants Wells and Schuyler was that of an independent contractor or employee.

Douglas B. Wessel, Esq., appeared for the Plaintiffs; John D. Mc-Gavin, Esq., appeared for the Defendant Schuyler Enterprises; and Jack A. Robbins, Jr., Esq., appeared for the Defendant Fogle; whereupon, argument was heard.

### I. *Objections to the Testimony of Mila Tecala and the Consideration of Expenses Incurred from Treatments for Psychological Condition*

Upon consideration of the argument of counsel, it is adjudged and ordered that Plaintiffs' expert, Mila Tecala, who is a licensed clinical social worker in the Commonwealth of Virginia, may testify as to matters within the field of expertise of a licensed clinical social worker in which she is permitted to treat patients in the Commonwealth of Virginia pursuant to her license. The extent to which the expert is permitted to testify will be subject to determination upon her voir dire at trial. A licensed clinical social worker may not testify about the need for medications nor to the length and need for psychiatric treatments.

## II. *Independent Contractor*

Upon consideration of the argument of counsel, it appears that, in the absence of stipulated facts, the issue as to whether Wells was an independent contractor or an employee and the Defendant Schuyler, based on common law principles, is a matter for determination at trial. As earlier ruled, the issue as to whether Schuyler is liable based upon the Interstate Commerce Commission Regulations will be determined after the determination of the liability of Wells.

## III. *Lay Witness Testimony as to Habits and Personality of the Decedent*

After the hearing, the Court read the case of *Simmons v. McConnell*, 86 Va. 494, 10 S.E. 838 (1890), in which it was held that it was proper to consider the testimony of a neighbor as to the character and personality of the decedent. The Plaintiff is correct that such testimony is admissible, and it is so ordered.

## IV. *Objections to Deposition Designations*

Given the extent of the designations and the fact that their use is largely a matter of trial strategy, the specific objections to the portions of the depositions designated will be considered at the time at which they are offered into evidence.