14 F.3d 593
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank C. BOWERS, Jr., Plaintiff-Appellant,
v.
David N. MONTAGUE, individually; Stuart A. Saunders,
individually; Eugene R. DeSaulniers, III,
individually; Montague, Saunders &
DeSaulniers, a partnership,
Defendants-Appellees.
 No. 93-1017.
 United States Court of Appeals, Fourth Circuit.
 December 9, 1993.
 
 Thomas John Harlan, Jr., Thomas J. Harlan, Jr., P.C., for Appellant.
 Walter DeKalb Kelley, Willcox & Savage, P.C., for Appellees.
 Michael F. Leban, Thomas J. Harlan, Jr., P.C., for Appellant.
 Conrad M. Shumadine, Randy D. Singer, Willcox & Savage, P.C., for Appellees.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and LUTTIG, Circuit Judges and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This is an appeal from the district court's dismissal of the complaint pursuant to Appellee's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the judgment of the district court is affirmed.
 
 I.
 
 2
 David Montague represented Frank Bowers in a state chancery court suit filed to probate the purported holographic will of one of Bowers' former clients, Anna Brody. Bowers filed a bill pursuant to Sec. 64.1-88 of the Virginia Code[1] to establish as a will a letter, written to him by Brody, in which Brody declared that she wanted Bowers and Brody's sister to be her legal heirs. The letter submitted by Bowers stated as follows:
 
 December 1, 1983
 
 3
 Dear Frank C. Bowers, Jr. Attorney and Counseler [sic] at Law I want you & my Sister Helen Huddleston of 705 Modesto Street Santa Cruz CA. 95060 to be my Legal Heirs God Bless you both. Yours Truly Mrs. Anna Brody Bowers waived a trial by jury, and the state court held that Bowers had failed to meet his burden under Virginia CodeSec. 64.1-49 which requires two disinterested witnesses to establish that the letter was written "wholly in the handwriting of the testat[rix]." Consequently, the court sustained the motion to strike against Bowers on his failure to establish the handwriting, also noting in commentary that the letter lacked testamentary intent. The Virginia Supreme Court affirmed the lower court's ruling but did not address the issue of testamentary intent, finding that the chancellor did not base his decision on that ground. Bowers v. Huddleston, 241 Va. 83, 88 & n.5, 399 S.E.2d 811, 814 & n.5 (1991). Because the proponent had failed to meet the statutory requirement for proving the will, the supreme court did not reach the intent issue. Id.
 
 
 4
 Subsequently, Bowers filed a diversity action in federal court against Montague and his law firm for legal malpractice. Bowers alleged that but for Montague's negligence, Bowers would have received approximately $620,000--half of Brody's estate. Appellees responded with a motion to dismiss, contending that Bowers' malpractice claim failed as a matter of law because the Brody letter lacked the necessary testamentary intent to constitute a will. The district court granted Appellees' motion, finding that because the letter was not a will, Montague's failure to establish the handwriting as a will did not damage Bowers and that the malpractice claim correspondingly failed. Bowers now appeals the district court's dismissal.[2]
 
 II.
 
 5
 A claim for legal malpractice is valid only after a determination that the underlying suit or claim would have been resolved differently but for the attorney's negligence. Stewart v. Hall, 770 F.2d 1267, 1270 (4th Cir.1985). The attorney's negligence must proximately cause the plaintiff's resulting damages. Id. at 1269. Thus, it was necessary for the district court below to review the merits of Bowers' state court claim to determine whether the federal complaint stated a claim for relief. A motion to dismiss is granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1466 (4th Cir.1991).
 
 
 6
 In this case, Bowers argues that the Brody letter displays testamentary intent and that the district court erred by failing to construe in his favor all inferences contained in the letter. Specifically, Bowers insists that the statement, "I want you and my Sister Helen Huddleston ... to be my Legal Heirs," is an expression of Brody's intent to make a will. Bowers also contends that "God Bless you both" constitutes a seal to formalize the letter as a will. Finally, Bowers asserts that the affidavit of Professor Henneman raises a triable issue of fact as to the lay interpretation of "Legal Heirs", sufficient to preclude dismissal.
 
 
 7
 Before admitting a document for probate, a court must look to the face of the document for the presence of testamentary intent without considering extrinsic evidence. Smith v. Smith, 112 Va. 205, 70 S.E. 491 (1911); Poindexter v. Jones, 200 Va. 372, 106 S.E.2d 144 (1958). Where such intent is lacking, the document is not a will. Poindexter, 200 Va. at 376, 106 S.E.2d at 147.
 
 
 8
 The district court determined here that the Brody letter lacked testamentary intent on its face.[3] The letter gave no indication that Brody intended to dispose of her property and lacked adequate detail to constitute a final disposition of the estate.[4] Even if the court were to accept Bowers' interpretation of the terms in the letter, it is equally as likely that the language "I want" is no more than precatory language which is insufficient to effectuate testamentary disposition of property. Smith v. Board of Trustees of the Baptist Orphanage, 194 Va. 901, 906, 75 S.E.2d 491, 494 (1953). Thus, the malpractice claim could be dismissed as a matter of law because Bowers' underlying claim that the letter constituted Brody's will could never have succeeded based on the absence of testamentary intent. Put another way, any injury to Bowers--a finding that Bowers was not entitled to half of Brody's estate--resulted because the writing lacked sufficient indicia of testamentary intent. Thus, granting Appellees' motion to dismiss was not in error.
 
 III.
 
 9
 Bowers argues for the first time on appeal that judicial estoppel precludes Montague from asserting a position inconsistent with that of advocating the will in the state chancery proceeding. Although counsel for Appellant did not present the issue at oral argument, Appellant asserts in his brief that Montague is judicially estopped from now denying the validity of the letter as Brody's will because Montague signed pleadings and affirmed to the state chancery court his belief that the letter was a will. Bowers also insists that judicial estoppel applies regardless of the fact that Montague was not a party to the state court action.
 
 
 10
 Bowers' judicial estoppel argument lacks merit. This conclusion is evident even though the court need not exercise jurisdiction over this issue, raised for the first time on appeal in derogation of the rule that this court will not ordinarily consider newly raised issues in the absence of plain error, Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir.1985), or exceptional circumstances, Maryland Dept. of Human Resources v. Department of Agriculture, 976 F.2d 1462, 1474 (4th Cir.1992). No plain error or exceptional circumstances exist to warrant this court's consideration of Bowers' judicial estoppel claim.
 
 
 11
 Nevertheless, Bowers' claim arises from his inference that Judge Kellam raised sua sponte Montague's inconsistent position by uttering the word "now" in reference to the distinction between Montague's current and prior opinions as to the validity of the will. The court does not construe Judge Kellam's use of the word "now" as raising sua sponte a claim of judicial estoppel.[5] The circumstances by which this court would address Bowers' argument must be more exceptional than the utterance by the district judge of one word.
 
 IV.
 
 12
 In sum, we affirm the district court's grant of Appellees' motion to dismiss.
 
 AFFIRMED
 
 
 [1]
 The statute provides in pertinent part that a person "may proceed by bill in equity to impeach or establish the will, on which bill a trial by jury shall be ordered to ascertain whether any, and if any how much, of what was so offered for probate be the will of the decedent." Va.Code Ann. Sec. 64.1-88 (Michie 1991 Repl.Vol.). The jury resolves the issue devisavit vel non, which is an issue sent from a chancery court to a court of law to try the legitimacy of a paper advanced as a will, to determine whether the testator did devise or whether the paper is a will or not. Black's Law Dictionary 407 (5th ed.1979)
 
 
 [2]
 Bowers states incorrectly that the district court dismissed the case on summary judgment motion. Rather, the district court dismissed the case on Appellees' motion to dismiss for failure to state a claim of legal malpractice
 
 
 [3]
 Bowers incorrectly cites Baliles v. Miller, 231 Va. 48, 240 S.E.2d 805 (1986) for the proposition that Virginia law always permits extrinsic evidence to prove intent. Rather, Baliles stands for the proposition that once a document is admitted for probate as a will, extrinsic evidence is admissible to interpret any ambiguous terms in the will
 
 
 [4]
 The affidavit of Professor Henneman presents only legal conclusions, not disputed issues, and does not change the court's opinion
 
 
 [5]
 Judicial estoppel prevents the intentional self-contradiction by a party asserting a factual position inconsistent with that previously advanced in litigation. Tenneco Chemicals v. William T. Burnett & Co., 691 F.2d 658, 664 (4th Cir.1982). The doctrine does not apply to the presentation of inconsistent legal theories. Id. Even if the court were to entertain Bowers' argument, judicial estoppel would not bar Montague from taking a contrary position in this appeal. Montague was not a party in the state court proceeding but acted as advocate. Even if Montague were a litigant himself in the state action, his denial in the federal court action that the letter contained testamentary intent advances only a contrary legal theory, a position which the law permits Montague to assert