## CIRCUIT COURT OF THE CITY OF DANVILLE

George Herman Grant

v.

Raymond Thomas Gregory

February 15, 2002

Case No. 01-148CL

By Judge Joseph W. Milam, Jr.

In reliance upon *Grasty v. Tanner*, 206 Va. 723, 146 S.E.2d 252 (1966); *Thorpe v. Commonwealth*, 223 Va. 609, 292 S.E.2d 323 (1982); and *Swiney v. Overbey*, 237 Va. 231, 377 S.E.2d 372 (1989), it is the opinion of this Court that expert opinion as to the minimum speed of defendant's vehicle necessary to account for the measured skid distance is inadmissible in this case. Even if such opinion testimony were instructive and/or helpful to a jury, plaintiff concedes that it relies upon the published "curb weight" of defendant's vehicle and, therefore, does not consider weight of vehicle contents, if any, gasoline levels, etc. In addition, it is the understanding of the Court that plaintiff's expert did not examine the brakes of the vehicle in question and his opinion assumes all four wheels slid an equal distance. Also, the expert's measurements of coefficients of friction for the surfaces involved were made some time after the accident at issue occurred. In sum, plaintiff's expert may not have considered potentially significant variables.

Defendant argues that the Court's ruling will "blindfold" the jury. As discussed during argument, jurors are not asked to leave their common sense outside the courtroom. Defendant is permitted to introduce relevant physical evidence in this case. This may or may not be introduced through defendant's designated "accident" expert. The Court's ruling is limited to an opinion as to minimum speed based on post-accident measurements of skid distances, coefficients of friction, and consideration of the published "curb weight" of defendant's vehicle. Defendant's motion *in limine* is granted to the extent consistent with the foregoing.

As ruled from the bench, defendant's motion to exclude evidence relating to plaintiff's alleged wage loss is denied. Although not disclosed in response to interrogatory answers, such evidence will be allowed to be introduced by plaintiff.