COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


CHASE JEFFERY IRVINE, S/K/A
 CHASE JEFFREY IRVINE
                                              MEMORANDUM OPINION[*] BY
v.       Record No. 2546-04-3          JUDGE ELIZABETH A. McCLANAHAN
                                                      MAY 2, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                         Mosby G. Perrow, III, Judge

        David D. Embrey for appellant.

        Stephen R. McCullough, Assistant Attorney General (Judith
        Williams Jagdmann, Attorney General, on brief), for appellee.


        A jury convicted Chase Jeffery Irvine of malicious wounding in violation of Code

§ 18.2-51 and use of a firearm in the commission of a felony in violation of Code § 18.2-53.1.

The charge of possession of a firearm after having been convicted of a felony was severed before

trial.  The defendant challenges the trial court's admission of expert testimony regarding gang

activity in Lynchburg and contends the trial court erred in failing to set aside the jury's sentence

for the malicious wounding conviction.  Finding no error, we affirm.

                                 I.  BACKGROUND

        The Commonwealth filed a motion *in limine* seeking to introduce the testimony of

Investigator Trent as an expert on street gang activity in Lynchburg.  After a hearing, the trial

court ruled that Trent qualified as an expert witness and his testimony would be admissible if

relevant to motive, intent, or bias.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At approximately 11:00 p.m. on December 22, 2003, Kevin Napier was standing on the corner of 16th and Taylor Streets with Eric Jones and a few other people. The defendant and Shawn Hubbard approached on foot. Both men wore dark clothing and a red bandana around their faces or neck. The defendant twice asked Napier if he was Kevin Napier. When Napier asked why he wanted to know, the defendant took out a gun and shot Napier in the stomach. Hubbard then started shooting Napier.

Officer Claytor responded to a dispatch regarding a shooting and found Napier on the ground bleeding. Napier told the officer Hubbard shot him. When Claytor asked if there was anyone else, Napier asked Jones who the other guy was. Claytor heard the name "Chase." Later that night, Jones identified the defendant and Hubbard from two photographic lineups. On December 26, 2003, Napier identified them from the same photographic spreads. During a search of Hubbard's residence, the police found red bandanas, black sweats, and a newspaper article about the shooting.

Napier was a lieutenant in a gang called the Crips. This high rank authorized him to give orders to other gang members. Napier identified the defendant and Hubbard as members of a rival gang called the Bloods. Napier and Jones identified the red bandana the defendant and Hubbard wore the night of the shooting as a symbol of their affiliation with the Bloods. When asked why he believed the defendant shot him, Napier responded, "The only reason I can think of is I was a Crip." Napier had a history of drug use[1] and knew the shooting occurred in an area known for drug activity. However, he denied using drugs or being in the area for drugs.

Investigator Trent testified that the Crips and the Bloods were active rival gangs in Lynchburg. This rivalry involved competition in the drug trade and often resulted in violence

---

[1] Napier was convicted of three counts of selling a controlled substance and was incarcerated from July 7 through December 9, 2003.

between the gangs and their individual members. Trent said the shooting took place in an area known for drug activity. He explained that gang members are identified by the colors they wear, often in bandanas, clothing, or shoes. The Crips wear blue and black, and the Bloods wear red and white.

The defendant contends the trial court erred in admitting expert testimony regarding gang activity. He maintains the evidence was unduly prejudicial because the expert never identified him as a gang member though two other witnesses did.

## II. ANALYSIS

### A. Expert Witness Testimony

"The admission of expert testimony is committed to the sound discretion of the trial judge, and we will reverse a trial court's decision only where that court has abused its discretion." Brown v. Corbin, 244 Va. 528, 531, 423 S.E.2d 176, 178 (1992). "'Expert testimony is appropriate to assist triers of fact in those areas where a person of normal intelligence and experience cannot make a competent decision.'" Utz v. Commonwealth, 28 Va. App. 411, 423, 505 S.E.2d 380, 386 (1998) (quoting Swiney v. Overby, 237 Va. 231, 233, 377 S.E.2d 372, 374 (1989)). Gang-related evidence is "beyond the common knowledge and experience of ordinary jurors." Id. at 426, 505 S.E.2d at 387.

Trent's testimony regarding gang activity in Lynchburg, and the rivalry between the Crips and the Bloods in particular, was relevant to this case. "Evidence is relevant if it has any logical tendency, *however slight*, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993) (emphasis added). The Commonwealth's theory was that Napier was injured in a gang-related shooting, and the evidence helped to establish the defendant's motive, intent, and feelings toward Napier. The defendant and Napier were members of rival gangs in competition in the drug trade, and the

shooting took place in an area known for drug activity. In a similar situation in Utz, this Court held that expert testimony concerning gangs was properly admitted "to establish a motive for the [crime] and was probative of appellant's intent." Utz, 28 Va. App. at 423, 505 S.E.2d at 386.

Additionally, the defendant failed to show he was unduly prejudiced by the expert's testimony. Even when evidence is relevant, it must be excluded if its prejudicial impact outweighs its probative value. Id. at 419-20, 505 S.E.2d at 384; Goins v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127-28 (1996). In the instant case, the expert's testimony simply corroborated and explained the Commonwealth's evidence, which already established that this was a gang-related crime and that the defendant and victim were members of rival gangs. Napier conceded he was a leader in the Crips and his only explanation for the shooting was that he "was a Crip." While the expert did not identify the defendant as a gang member, Napier and Jones did. They both testified the defendant was affiliated with the Bloods, a rival gang, and that its members wore red. The defendant wore a red bandana the night of the shooting. Trent's testimony corroborated the testimony of Napier and Jones and was admissible to assist the jury in assessing the evidence regarding gang membership and activity. He explained that the rivalry between the Crips and the Bloods involved the drug trade, often led to violence between individual gang members, and that this shooting occurred in an area known for drug activity. On these facts, we cannot say that the trial court clearly abused its discretion in admitting the expert's testimony about gang activity in Lynchburg.

## B. Jury Sentencing

Next we consider whether the trial court erred in refusing to order a new sentencing hearing on the ground that it erred in instructing the jury. After the jury convicted the defendant of malicious wounding and the related firearm offense, the trial court instructed it on punishment. During deliberations, the jury brought to the trial court's "attention that they had

one more verdict form than they needed." Outside the jury's presence, the trial court advised counsel of what happened and noted that the extraneous form related to the severed charge of possession of a firearm after having been convicted of a felony.

The trial judge proposed to counsel that he "bring the foreman out and tell him that that [form] was sent back through inadvertence and instruct him to disregard it and proceed with the [remaining] four [charges, two against each defendant]." The defendant agreed. Defense counsel stated, "Judge, just for the record, that would be my request since my client's name was on [the verdict form]." When the foreman was brought to the courtroom, the trial judge stated, "you received one too many verdict forms. . . . I'm going to send you back with the four that I instructed you on. And just tell the jury to disregard the other form that went back through inadvertence." The foreman responded, "Okay."

While the defendant maintains the trial court erred in instructing the jury, the rules of this Court are clear. "[O]bjection[s] must be timely made and the grounds stated with specificity." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). In order to be timely, the objection must be made when the evidence is offered or the statement is made. Id. We do not consider matters raised for the first time on appeal.[2] Rule 5A:18; McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (*en banc*); see also Smith v. Commonwealth, 165 Va. 776, 781, 182 S.E. 124, 126-27 (1935) (defendant failed to object with specificity to court's instructions to jury).

Rule 3A:16(c) requires the trial court to "advise counsel of the instructions to be given" and to give them "the opportunity to make objections thereto" before instructing the jury. "Objections shall be made out of the presence of the jury, and before the court instructs the jury

---

[2] Accordingly, we will not consider whether the trial court erred in instructing the foreman to instruct the jurors because that issue was not presented to the trial court. Rule 5A:18.

- 5 -

. . . ." Id. In this case, the trial court adhered to the rules. The judge reviewed the proposed instruction with counsel and gave them an opportunity to make and argue objections outside the presence of the jury. Id.; Rule 5A:18. At that time, the defendant asked for, acquiesced in, and never objected to, the trial court's proposed instruction.

"No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate — to invite error, as the defense admittedly did here, and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988); see also Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979) (defendant waived issue when he did not object to trial court's response to jury question regarding parole eligibility).

The defendant's reliance on Smith v. Commonwealth, No. 2320-02-1 (Va. Ct. App. Mar. 24, 2004), is misplaced. In Smith, the defendant was charged with four felonies and convicted of only one. At sentencing, the trial court admitted evidence of a conviction that was not final. After considering the improper evidence, the jury gave the defendant a sentence at the high end of the sentencing range. This Court reversed because we could not say, without usurping the jury's function, that the jury's sentence would have been the same had they not been advised of an additional felony.

Here, unlike in Smith, the jury convicted the defendant of the two felonies for which he was charged. During deliberations, they recognized they had a verdict form that did not fit their instructions and questioned the court about why they had it. The trial court, with counsel's approval, immediately advised the foreman to advise the jurors that it was inadvertently given to them. On these facts, we cannot say that the trial court abused its discretion and erred as a matter of law in failing to order a new sentencing hearing. Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990); see also LeVasseur v. Commonwealth, 225 Va. 564, 589, 304

- 6 -

S.E.2d 644, 657 (1983) (we presume absent contrary evidence that jury followed cautionary instruction).

## III.  CONCLUSION

The trial court did not abuse its discretion in admitting expert testimony on gang activity in Lynchburg or in failing to set aside the jury's sentence.  Accordingly, we affirm the defendant's convictions.

<u>Affirmed.</u>