## Richmond

EDMUND W. CANNON AND ROBERTA W. CANNON v. ROSA M. CLARKE.

April 28, 1969.

Record No. 6872.

Present, All the Justices.

*Buford M. Parsons, Jr. (May, Garrett, Miller and Newman,* on brief), for plaintiffs in error.

*Milton Paul Miller (Miller and Rosman,* on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

Rosa M. Clarke filed in the court below a motion for judgment against Edmund W. and Roberta W. Cannon to recover damages for injuries received when she fell while on the defendants' premises. The motion alleged that the plaintiff's fall and injuries were proximately caused by the negligence of the defendants in that they maintained their premises in a "dangerous and hazardous condition."

In their grounds of defense the defendants denied that they were guilty of any negligence which was a proximate cause of the plaintiff's injuries.

There was a trial before a jury which resulted in a verdict of $5,000 in favor of the plaintiff upon which the trial court entered judgment. The defendants have appealed, claiming that the trial court erred in (1) ruling that the plaintiff was an invitee on the premises of the defendants and in refusing to rule that she was a licensee; and (2) refusing to sustain the defendants' position that the evidence failed to show that they were guilty of any negligence which was a proximate cause of the plaintiff's injuries.

■ The evidence is not in dispute. The defendants, Edmund W. and Roberta W. Cannon, own a dwelling house at 4638 Hanover Avenue in the city of Richmond. The plaintiff, Mrs. Rosa M. Clarke, lives next door at 4636 Hanover Avenue. On January 18, 1966, at about 8:15 P. M., Mrs. Clarke received a telephone call from Mr. Winfree, the father of Mrs. Cannon, one of the defendants, requesting that she (Mrs. Clarke) go next door and tell Mrs. Cannon that her mother had suffered a heart attack and that she (Mrs. Cannon) should go to the doctor's office where her mother had been taken. Mr. Winfree explained that he was making this request of Mrs. Clarke because he had been unable to reach the Cannon residence over the telephone.

Responding to this request, Mrs. Clarke went out the front door of her residence, walked along a flagstone walkway and crossed a part of the Cannons' lawn to the walkway leading to the latters' home. She went up the brick steps and onto the brick porch in front of the Cannon residence. At this time it was dark and the weather was cold. Some snow remained on the grass from a snowfall which had occurred a day or two earlier, but the flagstone walkway, the walkway leading to the Cannon residence and the brick porch had been cleared of snow and ice. Mrs. Clarke said that she saw no snow or ice on the porch.

On reaching the porch Mrs. Clarke rang the doorbell several times and when there was no answer she stepped to her right, opened the screen door, and tried the front door. Finding that locked, she again stepped to her right in order to allow the screen door to close, and when she did so her foot slipped, she fell off the porch and was injured.

On direct examination she thus related the circumstances of her fall:

"Q. When you stepped to the right the second time, as you just explained, when you were closing the screen door, did you notice or feel anything different from where you had been standing in the middle?

"A. Yes, I did. When I stepped over, I felt the snow and ice; and when I did, my foot went, and I went down like that. [Indicating]

"Q. Mrs. Clarke did you ever see the snow and ice on the side?

"A. No, I did not.

"Q. Why did you say that what you felt was snow or ice?

"A. Because I have felt it before, and walked on snow and ice; and you know, when your foot just goes under and you slide.

"Q. Is the sides of this porch stoop the same construction as the middle? Is it brick all the way, if you recall?

"A. Yes, I think it is.

"Q. Was what you stepped on slippery?

"A. Yes."

Neither defendant was home at the time of the accident. Edmund W. Cannon was on a business trip and Mrs. Cannon was at a church meeting. Their son Arthur, not named as a defendant, was in the house.

The brick porch in front of the Cannon residence is three feet one inch high, five feet five inches wide, and has a depth of two feet and nine inches from the door to the edge. The screen door is three feet wide. An expert witness for the plaintiff expressed the opinion that the depth of the porch was not sufficient to allow for the safe opening of the three-foot screen door. He also expressed the opinion that the porch should have been protected by an iron railing.

In the lower court and before us on appeal, one of the main issues was the status of Mrs. Clarke, the plaintiff, while on the premises of the defendants. The plaintiff claimed, and the lower court held and instructed the jury, that she was an invitee to whom the defendants owed the duty to exercise ordinary care (1) to have their premises in a reasonably safe condition for the plaintiff's visit, and (2) to warn her of any unsafe condition if it was unknown or not reasonably known to her, but was, or in the exercise of ordinary care should have been, known to the defendants. The court further instructed the jury that if they believed from a preponderance of the evidence that the defendants failed to exercise ordinary care in the performance of any one or more of the foregoing duties then

they were guilty of negligence, and that if they found that such negligence, if any, was a proximate cause of the plaintiff's injuries then they should find a verdict for the plaintiff unless she was guilty of contributory negligence.

The defendants do not challenge the correctness of the statement as to their duty toward the plaintiff, provided she was an invitee while on their premises. But they insisted in the lower court, and take the position here, that the plaintiff was not an invitee but a mere licensee, to whom they owed no duty to keep the premises in a safe and suitable condition. See *Bradshaw* v. *Minter*, 206 Va. 450, 453, 143 S. E. 2d 827, 829 (1965), and authorities there cited.

In the view we take of the matter it is not necessary that we decide whether, under the related circumstances, the plaintiff was an invitee or a licensee while on the defendants' premises. Assuming, but not deciding, that she was an invitee, we find that the evidence on behalf of the plaintiff fails to show that the defendants were guilty of any negligence which was a proximate cause of the accident and the plaintiff's injuries and which the lower court instructed the jury was essential to a recovery by the plaintiff.

The plaintiff's claim that the defendants failed to keep their premises in a reasonably safe condition is based on two theories: First, she says, her expert witness testified that there were defects in the construction of the porch in that it was of insufficient depth to accommodate the opening of the screen door, and that the porch should have been surrounded by an iron railing; and, second, the defendants negligently failed to remove the snow or ice from the porch.

In order to hold an owner liable for injuries sustained because of the alleged unsafe condition of premises, it must, of course, be shown that such condition was a proximate cause of the injuries. *Hargrave's Admr.* v. *Shaw Land & Timber Co.*, 111 Va. 84, 88, 68 S. E. 278, 279, Ann. Cas. 1912A 151 (1910); *State-Planters Bank & Trust Co.* v. *Gans*, 172 Va. 76, 81, 200 S. E. 591, 593 (1939); *Thalhimer Bros., Inc.* v. *Buckner*, 194 Va. 1011, 1014, 76 S. E. 2d 215, 217 (1953), and cases there cited.

In the present case the plaintiff's own testimony fails to show that either of the alleged defects in the construction of the porch was a proximate cause of her injuries. She did not testify that her fall was caused by the lack of depth of the porch to accommodate the opening of the screen door, or the lack of an iron railing around the porch. She said that she fell because she stepped on some slippery substance on the porch which she thought was ice or snow.

We likewise find that the evidence on behalf of the plaintiff fails to support her contention that her fall and injuries were caused by the negligence of the defendants in failing to clear the snow or ice from the porch. There is no evidence that the snow or ice, if there was any, which caused the plaintiff to lose her footing had been left there by the inattention of the defendants. The defendants' evidence is that the porch had been cleared, and the plaintiff testified that she saw no snow or ice on it. Moreover, her own testimony shows that in coming from her residence to that of the defendants she walked across the lawn which was partly covered with snow. It is just as probable that in so doing the snow or ice adhered to her shoe or shoes and was deposited therefrom on the surface of the porch as it is that it was left there by the inattention of the defendants.

Again, in order to hold the owner of property liable for injuries sustained by an invitee due to the unsafe condition of the premises, it must be shown that the owner had knowledge of the alleged unsafe condition, or that it had existed for such a length of time as to make it the owner's duty in the exercise of ordinary care to have discovered it. *Miracle Mart, Inc.* v. *Webb*, 205 Va. 449, 453, 137 S. E. 2d 887, 890 (1964); *Culpepper* v. *Neff*, 204 Va. 800, 804, 134 S. E. 2d 315, 318, 319 (1964). Here these essentials are lacking with respect to the alleged presence of snow or ice on the porch. There is no showing that the defendants, or either of them, knew of such condition or that it had existed for such a length of time that in the exercise of ordinary care they should have known of it. Indeed, there is an entire lack of evidence as to how long the snow or ice, if any, had been there.

On the whole, we are of opinion that the evidence fails to show that the plaintiff's injuries were proximately caused by the alleged negligence of the defendants. Accordingly, the verdict and judgment complained of will be set aside and a final judgment here entered in favor of the defendants.

*Reversed and final judgment.*