Present: All the Justices

FRANCONIA ASSOCIATES, ET AL.

                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 942034          November 3, 1995

ALGERNON CLARK

          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Jane Marum Roush, Judge

     The primary issue we consider in this appeal from a judgment in a premises liability action is whether the plaintiff, who was injured on the defendants' premises, exceeded the scope of his status as an invitee by pursuing a robber on those premises.

     Algernon Clark filed a motion for judgment against Franconia Associates, a Virginia limited partnership, and the Fisher Group, Inc. Franconia Associates owns the Springfield Mall Shopping Center located in Fairfax County, and the Fischer Group provides professional management services at the mall. The plaintiff alleged that he was injured as he exited through a door at the mall in pursuit of a robber. The plaintiff also alleged that the defendants breached certain duties owed to him in failing to inspect, maintain, and repair the door, and that they failed to warn him of the dangerous and unsafe condition of the door. The jury returned a verdict of $120,000 in favor of the plaintiff, the trial court entered a judgment confirming the verdict, and we awarded the defendants an appeal.

     In accordance with well-settled principles, we will view the evidence and all reasonable inferences it raises in the light most favorable to the plaintiff, who comes to this Court with a favorable jury verdict, confirmed by the trial

court.

The plaintiff was employed at a hair stylist shop located in Springfield Mall. One afternoon as the plaintiff was standing in front of the shop, the manager of a restaurant in the mall told the plaintiff, "[t]hat guy just robbed me. Stop him." The robber ran and exited the mall. As the plaintiff was running in pursuit of the robber, the plaintiff approached a glass door in the mall. The plaintiff, still running, slowed down to push open the door. As the plaintiff went through the door, it closed very rapidly, hitting his leg, thereby rupturing his Achilles tendon.

The plaintiff and defendants agree that the plaintiff was an invitee immediately before he began to chase the robber. The defendants contend, however, that as a matter of law, the plaintiff exceeded the scope of his status as an invitee and became a trespasser because he "voluntarily undertook a dangerous venture solely for the purpose of rescuing a non-party's money." Therefore, the defendants assert that because the plaintiff was a trespasser, they are liable only for injuries caused by their "willful and wanton acts." The plaintiff argues that he retained his status as an invitee under the facts and circumstances of this case.

The owner of premises is not an insurer of his invitee's safety. Rather, the owner must use ordinary care to render the premises reasonably safe for the invitee's visit. Holcombe v. NationsBanc Financial Services, 248 Va. 445, 448, 450 S.E.2d 158, 160 (1994); Tate v. Rice, 227 Va.

341, 345, 315 S.E.2d 385, 388 (1984); <u>Gumenick</u> v. <u>United</u> <u>States</u>, 213 Va. 510, 515, 193 S.E.2d 788, 793 (1973); <u>Knight</u> v. <u>Moore</u>, 179 Va. 139, 146, 18 S.E.2d 266, 270 (1942).  The owner's duty, however, "does not extend to places beyond the invitation and to which the invitee is not reasonably expected to go."  <u>City of Suffolk</u> v. <u>Hewitt</u>, 226 Va. 20, 24, 307 S.E.2d 444, 446 (1983).

By contrast, the duty that a property owner owes to a trespasser or bare licensee is limited.

> Speaking generally, the duty owing by the owner 'to a trespasser on his premises is to do him no intentional or wilful injury.'  There must be such notice of the trespasser's danger as would put a prudent man on the alert before the duty of protection arises.
>
> So also with respect to a bare licensee (that is to say one who is permitted by the passive acquiescence of the owner to come on his premises for his own convenience).  'He takes upon himself all the ordinary risks attached to the place and the business carried on there.'  The owner must not intentionally or wilfully injure him, but he owes him the active duty of protection only after he knows of his danger, or might have known of it and avoided it by the use of ordinary care.

<u>Appalachian Power Co.</u> v. <u>LaForce</u>, 214 Va. 438, 441, 201 S.E.2d 768, 770 (1974) (<u>quoting</u> <u>Lunsford</u> v. <u>Colonial Coal</u> <u>Co.</u>, 115 Va. 346, 348-49, 79 S.E. 348, 349 (1913)).  In <u>Pettyjohn & Sons</u> v. <u>Basham</u>, 126 Va. 72, 79-80, 100 S.E. 813, 815 (1919), we observed:  "Usually, an invitation will be inferred where the visit is of common interest or mutual advantage to the parties, while a license will be inferred where the object is the mere pleasure or benefit of the visitor."

Here, we hold that the plaintiff did not exceed the

scope of his status as an invitee. The plaintiff's pursuit of the robber on the defendants' premises was an activity which conferred a benefit upon the defendants. Certainly, such act was not for pleasure or benefit of the plaintiff. Additionally, it is not unreasonable that the defendants may expect that an invitee would undertake such an act on their premises. Furthermore, the plaintiff was not injured by chasing the robber; rather, the plaintiff was injured by the defective condition of defendants' door.

The defendants assert that even if the plaintiff was an invitee, "[t]here was no evidence of actual knowledge by the Mall of any dangerous condition" and, therefore, the plaintiff failed to present a prima facie case against them. The plaintiff argues that the evidence of record is sufficient to show that the defendants did have notice of the defective condition of their door.

In Roll "R" Way Rinks v. Smith, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977), we stated:

> [I]n order to hold the owner of property liable for injuries sustained by an invitee due to the unsafe condition of the premises, it must be shown that the owner had knowledge of the alleged unsafe condition, or that it had existed for such a length of time as to make it the owner's duty in the exercise of ordinary care to have discovered it.

See Cannon v. Clarke, 209 Va. 708, 712, 167 S.E.2d 352, 355 (1969).

Steven Wayne Johnson, a postman, had entered Springfield Mall on numerous occasions and used the door that is the subject of this litigation. He testified that about "a couple [of] weeks" before the plaintiff's injury,

"if you opened the door to a certain point . . . halfway or not quite halfway, there was some tension on the door, and if you pulled it anymore, it would spring back."  Johnson also testified that he had observed patrons of the mall who experienced difficulty using the same door.  Brian Embrey, one of the defendants' maintenance employees, testified that he checked the door twice each week and that he had performed repair work on the door before the plaintiff was injured.  We are of opinion that this evidence, taken in the light most favorable to the plaintiff, is sufficient to permit the jury to find that the defendants had, at the very least, constructive knowledge that the door closed too rapidly.

Next, the defendants argue that the plaintiff was guilty of contributory negligence as a matter of law.  The defendants assert that "[r]unning through a door is reckless behavior regardless of the reason for running.  Running through a door when there is no compelling necessity to do so is even more reckless."

Normally, whether a plaintiff is guilty of contributory negligence is a jury issue unless reasonable minds could not differ.  Holland v. Shively, 243 Va. 308, 311, 415 S.E.2d 222, 224 (1992); Artrip v. E.E. Berry Equipment Co., 240 Va. 354, 358, 397 S.E.2d 821, 823 (1990).  As we have stated, "[t]he essence of contributory negligence is carelessness and involves an objective test, i.e., whether a plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances."  Id., 397 S.E.2d at

823-24. Here, the trial court properly instructed the jury on the issue of the plaintiff's alleged contributory negligence. And, there is ample evidence of record to support the jury's finding that the plaintiff was not guilty of contributory negligence. Thus, we will not disturb that finding on appeal.

The defendants assert that "[t]he door could not have hit Clark as he says it did." We find no merit in the defendants' contention. The plaintiff testified: "As I was running down the hallway, I slowed down to push the door. I put both hands up. I pushed with my left hand, and I stepped out with my left foot, and before I could get all the way out the door, the next thing I know I heard a boom, and I was looking at the pavement." While on the pavement, the plaintiff saw the door "balancing" against his right leg. We cannot say, as a matter of law, that the plaintiff's testimony regarding how his injuries occurred was either "inherently incredible, contrary to human experience or to the laws of nature." Simpson v. Broadway-Manhattan Taxicab Corp., 203 Va. 892, 897, 128 S.E.2d 306, 310 (1962).

Next, the defendants contend that the trial court erred by admitting the testimony of the plaintiff's expert, Alan R. Funk. The defendants assert that Funk's testimony was improperly admitted because "[the testimony] was premised on the assumption of a fact which was not in evidence, namely, that the door was used in a normal manner by [the plaintiff]" and "Mr. Funk's opinion is not based on any

specialized knowledge of door operation beyond the ken of laymen, but merely on his evaluation of Clark's version of events."  The plaintiff contends that the trial court did not err by admitting Funk's testimony.

Funk is the president and owner of Atlantic Door Control, Inc., a distributor for sales, service, and installation of automatic and manual door closers.  He was president and activities chairman of the Door & Hardware Institute, a professional organization for the door hardware industry.  He was qualified as an expert witness on the subject of doors without objection from the defendants. Funk opined that the door which caused the accident did not operate properly because it closed too rapidly.  Funk also opined that the speed at which the door is opened should not affect the speed at which the door would close.

Contrary to the defendants' contention, we hold that Funk's opinion was admissible because, according to Funk, the fact that the plaintiff was running when he pushed the door open would not have affected the speed at which the door, if properly operating, would have closed.  The trial court did not abuse its discretion by permitting Funk to render this opinion because his testimony could "assist the trier of fact to understand the evidence or determine a fact in issue."  Code § 8.01-401.3; see also Swiney v. Overby, 237 Va. 231, 233, 377 S.E.2d 372, 374 (1989).

The defendants also contend that the trial court erred by admitting in evidence the testimony of Dr. Ruben D. Cabrera, the plaintiff's orthopedic surgeon.  The defendants

assert that Dr. Cabrera had no medical foundation for his opinion on the cause of the plaintiff's injury.  We find no merit in the defendants' argument.

Dr. Cabrera testified, within a reasonable degree of medical certainty, that the plaintiff suffered a complete tear or rupture of his Achilles tendon when the door hit his leg.  Dr. Cabrera, who performed the surgery to repair the plaintiff's Achilles tendon, based his opinion upon the medical history that he had taken from the plaintiff and an examination of the plaintiff's leg.  Therefore, we hold that the trial court did not abuse its discretion by admitting this opinion in evidence.  See Swiney, 237 Va. at 233, 377 S.E.2d at 374.

For the foregoing reasons, we will affirm the judgment of the trial court.

Affirmed.