# CIRCUIT COURT OF ROCKINGHAM COUNTY

Michele L. Michael

v.

Tiffanie N. Signarino

March 9, 2004

Case No. (Law) CL03-00471

BY JUDGE JOHN J. MCGRATH, JR.

This case is before the Court for decision on Plaintiff's Motion to Remand this case to the General District Court. The facts are simple and, to an extent, undisputed.

*Facts*

The Plaintiff and Defendant were involved in an auto accident on January 21, 2003. Defendant ran into the rear of plaintiff's car. On September 10, 2003, Plaintiff filed a Warrant in Debt in the General District Court of Rockingham County demanding $15,000 for personal injuries. Although the Plaintiff had previously received chiropractic treatment in connection with an earlier auto accident, she claims that the new accident aggravated her previous injuries, causing her to need additional chiropractic care and suffer additional pain and suffering.

Defendant filed an Application for Removal to the Circuit Court under § 16.1-92 of the Code of Virginia. As part of her Application for Removal, Defendant filed an Affidavit of Substantial Defense stating that Plaintiff's pre-accident chiropractic care creates an issue of whether this accident was the proximate cause of Plaintiff's damages. There was no denial of negligence by the Defendant. Plaintiff filed an Objection to Removal. The General District Court held an Ore Tenus hearing on the matter and ordered that the case be removed to this court.

*Position of Parties*

Section 16.1-92 of the Code of Virginia permits automatic removal of a civil case from the General District Court to the Circuit Court if the amount in controversy exceeds $4500.00 and if the Defendant files "an affidavit ... that he has a substantial defense to the action, *exclusive of the sole issue of the amount or computation of damages,* which affidavit shall state the grounds of such defense. . . ." Va. Code § 16.1-92 (emphasis added). Plaintiff contends that Defendant's argument that the accident was not the proximate cause of Plaintiff's injuries is actually an "issue of the amount or computation of damages" and, therefore, does not merit removal under the statute. *See* Va. Code § 16.1-92.

Furthermore, Plaintiff asserts that any reasonable Defendant who admits to negligence at this early stage in the trial will deny that his or her negligence was the proximate cause of Plaintiff's injuries and allowing removal in such cases would effectively write out of the statute the above-mentioned exception to automatic removal.

Defendant argues that the issue of proximate cause is a substantial defense, separate and distinct from a dispute over the amount or computation of damages, and that the removal was proper.

*Analysis*

The purpose of § 16.1-92 and the exception to removal of cases dealing only with damages is to have disputes concerning only the quantum of damages tried initially by an experienced judge in the General District Court before involving the cost and expenses associated with a jury trial in the Circuit Court. It is clearly true that "proximate causation" is an issue of liability in Virginia tort law. *See, e.g., Sugarland Run Homeowners Ass'n v. Halfmann,* 260 Va. 366, 371-72, 535 S.E.2d 469, 472 (2000); *Cannon v. Clarke,* 209 Va. 708, 711, 167 S.E.2d 352, 354 (1969); *State-Planters Bank & Trust Co. v. Gans,* 172 Va. 76, 81, 200 S.E. 591, 593 (1939); *1-3 Virginia Model Jury Instructions,* Civil Form 3.050 (2003).

However, every issue over quantum of damages is in reality a dispute of whether some or all of the damages were proximately caused by the tortfeasor's negligence. In virtually every personal injury case tried, Defendants argue that they are not liable for plaintiffs' injuries because they are not negligent and/or the plaintiffs are exaggerating their injuries and most of the medical bills, lost wages, and pain and suffering claimed were not proximately caused by the defendants' negligence.

While the Court can find no case law interpreting the phrase "exclusive of the sole issue of the amount or computation of damages," it is evident from the face of the statute that the Legislature, by adding the limiting amendment, intended disputes pertaining solely to damages to remain in the General District Courts. *See* Va. Code Ann. § 16.1-92 (2003) (*amended* 1999). This is not a case of some esoteric question of proximate causation; it is a garden-variety one over of the quantum of damages. Under the facts of this case, Defendant's argument that he did not proximately cause the Plaintiff's injuries relates solely to the amount of damages. As a practical matter, the proximate cause and damages issues in this case are so intertwined that the evidence on damages will resolve all issues of proximate cause as well.

Therefore, it is hereby adjudged, ordered, and decreed that this case be remanded to the General District Court of Rockingham County for trial.

Nothing further remaining to be done with this case, it is hereby removed from this Court's Docket.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to Robert F. Keefer, Esq., Counsel for Plaintiff Michele L. Michael; to John P. Cattano, Esq., Counsel for the Defendant Tiffany Signarino; and to Bonnie L. Simmons, Clerk of the Rockingham/Harrisonburg General District Court.