**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1273

ROGER TURLEY,

Plaintiff - Appellant,

versus

COSTCO WHOLESALE CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:05-cv-00518-JCC)

Submitted: February 13, 2007          Decided: March 6, 2007

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gilbert K. Davis, DAVIS & ASSOCIATES, L.L.C., Fairfax, Virginia, for Appellant. William B. Tiller, J. Matthew Haynes, Jr., BEATYTILLER, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Turley appeals an order granting summary judgment to Costco Wholesale Corporation ("Costco") on Turley's slip-and-fall negligence claim.  Because there is no evidence that Costco knew or should have known of the alleged dangerously wet condition in the vestibule of its warehouse, we affirm.

I.

Costco operates a warehouse shopping facility in Manassas, Virginia.  The warehouse is a stand-alone facility with its own parking lot.  Members[1] enter the warehouse via a covered vestibule, at the sides of which are stored rows of nested shopping carts.  Past the vestibule, members enter the shopping area via a second set of entrance doors.  A sidewalk stretches across the front of the warehouse, outside the vestibule.

On December 7, 2002, Turley's wife drove him to the warehouse, stopping in the fire lane parallel to the sidewalk, with the driver's side nearest the warehouse.  Turley exited and walked around the front of his truck, trudging through four to six inches of snow that had accumulated during the course of the few days

---

[1]Generally, access to the warehouse is restricted to members, who pay an annual fee for shopping privileges.

prior.[2] After entering the vestibule, Turley slipped and fell when attempting to retrieve a shopping cart.

Turley later testified that he "d[id]n't know what it was" that caused his fall, J.A. 140, but "[i]t had to be show, ice or water," J.A. 141. Neither Turley's wife nor Patricia Glenn, the Costco manager who responded to the accident, was able to identify the cause of the fall. Glenn had performed an inspection about thirty minutes prior to the fall; she had found that though the porous concrete floor in the vestibule was damp at the entrance, the area near the carts was not damp, nor was there any standing water in the vestibule. Later, upon responding to the fall, Glenn touched the concrete with her bare hands, confirming that it was "wet from wet carts," J.A. 345, but noticing no visible puddles or ice.

Costco moved for summary judgment, arguing that Turley could not prove negligence because firstly, he "cannot prove why and how he fell and secondly, [he] has no evidence that Costco knew or should have known of the alleged defect." Turley v. Costco Wholesale Corp., No. 1:05CV518, 2006 WL 306646, at *2 (E.D. Va. Feb. 6, 2006). The district court found that Turley presented sufficient evidence that he slipped on some phase of water, even if he was "[u]nab[le] to distinguish what form the water took at the

---

[2]Turley passed, in his vehicle or on foot, at least three signs warning Costco members of the possible presence of snow and ice during the winter.

3

point that [he] slipped." Id. Nevertheless, the district court granted the motion for summary judgment because there was neither evidence that Costco knew of the dangerous condition in the vestibule, nor evidence "that the wet conditions in the vestibule existed long enough that [Costco] should have known of its existence in time to remedy it." Id. at *4.

Turley timely appealed.

II.

A.

"We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." Evans v. Techs. Applications & Svc. Co., 80 F.3d 954, 958 (4th Cir. 1996). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the motion is properly

4

supported, however, the burden shifts to the non-moving party to show that a genuine dispute exists.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The non-moving party must present more than a "mere . . . scintilla of evidence" to forestall summary judgment.  Anderson, 477 U.S. at 252.  Thus, "unsupported speculation . . . . is not sufficient to defeat a summary judgment motion."  Ash v. United Parcel Svc., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986).


                                    B.

     Because this federal action is based upon diversity of citizenship, the forum state's law controls.  Limbach Co. LLC v. Zurich Am. Ins. Co., 396 F.3d 358, 361 (4th Cir. 2005).  The parties agree that Virginia state law governs the underlying negligence claim here.

     In slip-and-fall negligence cases, Virginia law differentiates between dangerous conditions caused by "affirmative conduct" of the defendant, and those resulting from "passive conduct."  See Ashby v. Faison & Assocs., Inc., 440 S.E.2d 603, 605 (Va. 1994) (comparing the affirmative moving of a plant, which action jostled loose a "slimy" leaf upon which the plaintiff slipped, with the passive conduct of allowing water to accumulate in a lobby).  When, as here, the dangerous condition resulted from passive conduct, the plaintiff may prevail only if he shows that "the defendants had

5

actual or constructive notice" of the dangerous condition.  Id.
Therefore, as in Ashby, Turley must show that Costco "knew or
should have known[] of the presence of the water that caused [his]
fall and failed to remove it within a reasonable time or to warn of
its presence."[3]  Id.

Turley has pointed to no evidence that Costco actually knew
that water (in some phase) had accumulated near the carts.
Nevertheless, Turley insists that the accumulation of snow in the
parking lot during the several days prior to the accident put
Costco on notice that a dangerously wet condition might arise in
the vestibule.  In particular, Turley argues that Costco should
have known that the cycle of shopping carts from store to parking
lot to vestibule would lead to an accumulation of water near the
rows of carts.

The Virginia Supreme Court case Cannon v. Clarke, 167 S.E.2d
352 (Va. 1969), is instructive here.  In Cannon, a neighbor trudged
through the snow en route to the defendants' front door.  The
neighbor did not see any snow or ice on the front porch, but
slipped and fell on something slippery, causing injury.  The
Virginia Supreme Court held "[i]t is just as probable that . . .
the snow or ice adhered to [the neighbor's] shoe or shoes and was

---

[3]Costco does not concede that accumulated water, ice or snow
was the cause of Turley's fall.  Because we find that Turley cannot
show that Costco had actual or constructive knowledge of such a
hazard, we need not decide whether such a hazard actually existed
and caused Turley's fall.

deposited therefrom on the surface of the porch as it is that it was left there by the inattention of the defendants." Id. at 355.

Here, Turley has offered no evidence that the water causing his fall was present in the vestibule before he arrived. Instead, he admitted walking through the snow several feet before arriving in the vestibule.

Similarly, Turley argues that the hazard must have been present in the vestibule "more than long enough for Costco to appreciate the danger." Appellant's Br. at 20. Because wet weather conditions had persisted for several days, he infers that the hazard must likewise have existed for a sufficient time such that Costco should have discovered it, and that Glenn's inspection of the vestibule just prior to the accident should have revealed the hazard.

Turley's argument fails under Virginia precedent. The Cannon court found the plaintiff's case doomed by the fact that "there is an entire lack of evidence as to how long the snow or ice, if any, had been there." 167 S.E.2d at 355. Similarly, a plaintiff who slipped and fell in an office building lobby could not prevail without "showing that the . . . hazardous condition . . . had existed long enough that the defendants should have known of its existence in time to remove it or to warn [the plaintiff] of the danger." Ashby, 440 S.E.2d at 605.

Turley has offered no evidence to suggest that the water had been pooling in front of the carts so long that Costco should have discovered it. Instead, he asks the court to speculate as to how long the water hazard had existed prior to his fall. However, such "unsupported speculation . . . . is not sufficient to defeat a summary judgment motion." Ash, 800 F.2d at 411-12. Furthermore, it is "not 'obvious' from any evidence in the case that [Glenn] missed the [water]" when she inspected the vestibule thirty minutes prior to the accident. See Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 651 (Va. 1990) (noting that "such an inference would ignore the likelihood" that the hazard arose after the defendant's employee inspected the area of the fall).

Because Turley has not met his evidentiary burden with respect to an essential element of his claim, summary judgment was appropriately awarded to Costco.


III.

We affirm the district court's granting of Costco's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.


AFFIRMED

8