# CIRCUIT COURT OF THE CITY OF NORFOLK

James Miller

v. .

P. G. Harris
Construction Co.

April 28, 2010

Case No. (Civil) CL09-3666

BY JUDGE CHARLES E. POSTON

Today the Court grants Defendant's Motion for Summary Judgment.

Summary judgment is ripe only where "no material facts are genuinely in dispute." *Hansen v. Stanley Martin Cos.*, 266 Va. 345, 351 (2003). The Court may look to pleadings, prior orders of the Court, and admissions. *Id.*; Virginia Supreme Court Rule 3:20. And the Court shall "accept as true those inferences from the facts that are most favorable to the non-moving party, unless the inferences are forced, strained, or contrary to reason." *Hansen*, 266 Va. at 351 (citing *Dudas v. Glenwood Golf Club, Inc.*, 261 Va. 133, 136 (2001)).

The facts, of course, are viewed in the light most favorable to the Plaintiff and are derived from his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. On January 16, 2008, Plaintiff, James Miller, entered a construction site near the intersection of Eaglewood Drive and Oceana Boulevard in Virginia Beach, Virginia. Plaintiff entered the site through what appeared to be an unmarked, open gate in a fence that continued in either direction. This construction site was, at the time of Plaintiff's entrance, occupied by Defendant, P. G. Harris Construction Co. At this site, Defendant had dug footing trenches

containing footings and vertical rebar. Defendant then covered the trenches with opaque plastic and dirt. At the time of Defendant's entrance, there were no safety caps upon the rebar, nor were there warnings in the immediate vicinity of the trenches. Soon after walking through the gate and onto the construction site, Plaintiff fell facedown into one of the covered trenches and became impaled upon rebar. Plaintiff, whose face was penetrated by rebar, was unable to extricate himself and remained at the site for several hours until paramedics arrived.

The Defendant urges that, because Miller was a trespasser, they owed no duty to him. "A trespass is an unauthorized entry onto property which results in interference with the property owner's possessory interest therein." *Cooper v. Horn*, 248 Va. 417, 423 (1994) (internal citations removed). Any physical entry upon so possessed land constitutes such interference. *Id.* Implicit in Plaintiff's lawsuit is Defendant's possessory interest in the job site, and Plaintiff's responses to *Defendant's Requests for Admissions*[1] make clear that Plaintiff never received authorization to enter the site. *Responses to First Set of Requests for Admissions ## 12-16.* Plaintiff was therefore a trespasser when he entered the job site on the date in question.

Plaintiff is not, as he opines, a "bare licensee." A bare licensee is "one who is permitted by the passive acquiescence of the owner to come on his premises for his own convenience." *Franconia Assocs. v. Clark*, 250 Va. 444, 447 (1995). Acquiescence is "conduct recognizing the existence of a transaction," "passive compliance," or "submission to an act of which one had knowledge." *Black's Law Dictionary* (5th ed. 1979). Defendant could not have acquiesced to Plaintiff's presence on the job site because Defendant was not aware of it. *Responses to Second Set of Requests for Admissions ## 1-12.* Further, Plaintiff notes in his *Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment* that Defendant's jobsite superintendent, Kevin Kernodle — aware that trespassers had been walking through the jobsite — made continuous efforts to seal a gap in the fence that was the known point of entry. These efforts demonstrate active conduct resisting trespass, the converse of passive acquiescence.

---

[1] Both parties rely on responses to interrogatories and requests for admissions in their arguments.

A property possessor owes a trespasser no duty to maintain his land in a safe condition. *Thalhimer Bros., Inc. v. Casci*, 160 Va. 439, 445 (1933). Thus, the trespasser "takes upon himself all the ordinary risks attached to the place and the business carried on there." *Franconia Assocs. v. Clark*, 250 Va. 444, 447 (1995). "The owner must not intentionally or willfully injure him, but he owes him the active duty of protection only after he knows of his danger, or might have known of it and avoided it by the use of ordinary care." *Franconia Assocs. v. Clark*, 250 Va. 444, 447 (1995) (citing *Appalachian Power Co. v. LaForce*, 214 Va. 438, 441, 201 S.E.2d 768, 770 (1974) (quoting *Lunsford v. Colonial Coal Co.*, 115 Va. 346, 348-49, 79 S.E. 348, 349 (1913))).

Plaintiff references *Norfolk S. Ry. v. Fincham* and *Washington & O.D. Ry. v. Taylor* to suggest that a land possessor's active duty of protection is triggered by mere general knowledge that (1) a dangerous condition exists and (2) that trespassers may be present because they have been present in the past. On the contrary, these cases indicate that the possessor must have knowledge of the specific individual contemporaneous with the injury. In *Fincham*, the Court found that defendant railroad owed trespassing plaintiff child a duty of ordinary care because the plaintiff had been spotted at the railroad yard numerous times in the two hours prior to the accident, including two to five minutes immediately preceding. *Norfolk S. Ry. v. Fincham*, 213 Va. 122, 125 (1972).

*Washington* turned not upon whether the defendant should have anticipated trespassers along the track due to the past, frequent presence of trespassers, which plaintiff contended to be the case, but upon whether the defendant should have, in the exercise of ordinary care, discovered the specific trespassing plaintiff contemporaneous with his injury.

> It is sufficient if what they see, whether animate or inanimate, would cause a person in the exercise of ordinary care to be alerted even though the object turn [*sic*] out to be a trespasser. In other words, it is not essential that the engineer should actually know that an object on the track is a human being. If he, in the exercise of ordinary care, could have discovered that the object on the track was a human being in time to have avoided running over him than [*sic*] the railroad is liable.

*Washington & O.D. RR. v. Taylor*, 188 Va. 458, 463, 466 (1948).

320

The pleadings and admissions indicate that the injury to Plaintiff was not willful or wanton, as discussed in this Court's letter of December 21, 2009. Further, it is undisputed that neither Plaintiff's peril, nor Plaintiff, himself, were discovered by Defendant at the time of his injury. *Responses to Second Set of Requests for Admissions* ## 1-12. Entirely absent from the premises at the time of Plaintiff's entrance, Defendant could not have known of Plaintiff's danger. With this want of knowledge comes the want of an active duty of protection.

Thus, Plaintiff, who was no more than an undiscovered trespasser, was entitled to no duty of preparation or protection from Defendant. Plaintiff took the land as he found it, and he found it to be as hazardous as construction sites are wont to be.

For the preceding reasons, the Court grants Defendant's Motion for Summary Judgment.