# CIRCUIT COURT OF CAMPBELL COUNTY

TLP, L.L.C.

v.

Central Telephone
Co. of Virginia,
d/b/a CenturyLink

May 4, 2016

Case No. CL15-1051

By Judge David B. Carson

This matter is before the Court on Defendant's Demurrer to both counts of Plaintiff's Amended Complaint. Having considered the pleadings, written submissions by counsel, and oral argument on April 27, 2015, the Court sustains the Defendant's Demurrers for the reasons described below.

*Facts*

The Plaintiff's Amended Complaint alleges two connected causes of action. The Plaintiff filed its original Complaint on September 8, 2015, and its Amended Complaint on February 17, 2016. Count One asserts that the Defendant, CenturyLink, has continuously trespassed on Plaintiff's land and that the trespass has decreased the value of Plaintiff's land by $92,600.00. Count Two alleges a cause of action for inverse condemnation, claiming that CenturyLink has condemned part of Plaintiff's land without paying just compensation under the eminent domain laws. Both counts arise from the same general set of facts.

TLP, L.L.C., ("the Plaintiff") has owned real estate in Campbell County since 1999, and its predecessor in interest, who is the current manager of the TLP, L.L.C., estate plan, owned the land from 1972 until it conveyed the land to TLP, L.L.C., in 1999. Plaintiff's Amended Complaint ¶ 3, Feb. 17, 2016. Pursuant to the Byrd Act of 1932, The Virginia Department of Transportation ("VDOT") possessed a prescriptive easement of 30 feet on the subject property. *Id.* ¶ 5. Mistakenly believing that the statutorily

granted prescriptive easement was 50 feet, VDOT erroneously issued a permit on June 21, 1982, for Defendant's predecessor in interest to install underground power lines on what was, in fact, the Plaintiff's property. *Id.* ¶¶ 5-6. For decades, neither party realized the error. *See generally id.*

In 2011, as part of a different condemnation proceeding, the 2011 condemnation proceeding related to proposed improvements to Goodman Crossing Road, the error was discovered. At that time, the Defendant acknowledged that some of the underground power lines were unlawfully on the Plaintiff's land and abandoned those power lines. Plaintiff's Amended Complaint ¶ 8. ("During the 2011 VDOT condemnation proceeding, the Defendant acknowledged that the underground lines or cables installed on the Lynch Station side of Goodman Crossing Road pursuant to the VDOT permit of 1982 were not legally placed and abandoned the same. These underground lines or cables are still on Plaintiff's property despite Plaintiff's requests that they be removed, so as not to attract vandals."). The Plaintiff requested the removal of the unlawfully placed power lines, but the lines have not been removed. *Id.*

Separately, during an investigation into the legality of the permit issued in 1982 pertaining to the Goodman Crossing Road area, the Plaintiff discovered that the Defendant did not have a legal easement for the installation of power lines near Leesville Road. *Id.* ¶ 11 (alleging that CenturyLink did not possess a legal easement for such placements beyond that which was granted in the 2011 VDOT condemnation proceedings). The Amended Complaint states that, once the Plaintiff became aware that the Defendant did not have the legal right of way to be on its land, it demanded that CenturyLink either remove the lines or compensate the Plaintiff for the taking. *Id.* ¶ 17. The Plaintiff alleges that this "installation near Leesville Road dramatically impacts the value of Plaintiff's real estate as it complicates the building of driveways if residential lots are developed fronting on Leesville Road and, as a result, reduces the value of Plaintiff's property by $92,600.00." *Id.* ¶ 12.

There is no indication from the pleadings that the Plaintiff intends to develop the land into residential lots, simply the allegation that, should the Plaintiff desire to do so, the value of the land would be diminished by the increased difficulty installing driveways.

VDOT and the Plaintiff successfully settled their condemnation action on January 15, 2015. *Id.* ¶ 10. The settlement agreement made no provisions for the dispute between the Plaintiff and CenturyLink. *Id.* Plaintiff now brings this suit against CenturyLink alleging (1) continuing trespass and (2) inverse condemnation for the power lines "going alongside Leesville Road from its intersection with Goodman Crossing Road without a valid permit or a grant of permission by Plaintiff for these installations." *See id.* at 3.

The Defendant, CenturyLink, filed a demurrer to both counts of Plaintiff's Amended Complaint, arguing that both of the Plaintiff's claims

are barred by the relevant statutes of limitation. *See generally* Defendant's Demurrer. The parties agree on the relevant statutes of limitation: five years for trespass, and three years for inverse condemnation actions. Defendant's Demurrer ¶¶ 4, 5; Va. Code Ann. § 8.01-246(4), § 8.01-243(B).

CenturyLink argues that both of Plaintiff's causes of action accrued in 1982, and the Plaintiff's claims, which were originally filed on September 8, 2015, are thus time-barred. *See generally* Defendant's Demurrer.

The Plaintiff argues that the cause of action for trespass did not accrue until the Plaintiff demanded that CenturyLink either compensate the Plaintiff or remove the power lines. Plaintiff's Brief in Opposition at 2. Plaintiff bases this theory on the idea that, until Plaintiff demanded the removal of the lines, the Defendant was present on Plaintiff's land with permission from VDOT, making CenturyLink "a bare licensee." *Id.* Thus, the statutes of limitation would not begin to run until the time when the Plaintiff demanded the removal of the lines. This would make the suit timely under the applicable five-year statute of limitations for trespass.

*Analysis*

A. *Governing Law of Demurrers*

In order to survive a challenge on demurrer, a pleading's facts must be sufficiently definite that the pleading informs the opposing party of the "true nature of the claim." Va. Sup. Ct. R. 1:4(d). A demurrer should be sustained "if the [Complaint], considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *McDermott v. Reynolds*, 260 Va. 98, 100, 530 S.E.2d 902-03 (2000); *see also Welding, Inc. v. Bland Cnty. Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001) ("[A demurrer] . . . should be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action."); *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991) ("A trial court, in considering a demurrer . . . must adopt those inferences from the facts that are most favorable to the nonmoving party, unless such inferences are strained, forced, or contrary to reason."). A demurrer tests the legal sufficiency of facts alleged in pleadings and admits the truth of facts contained therein, along with those facts reasonably and fairly implied or inferred. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003); *see also Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102, 540 S.E.2d 134, 136-37 (2001) ("A demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations.") (internal citations omitted). A demurrer does not admit conclusions of law. *Glazebrook*, 266 Va. at 554, 587 S.E.2d at 591; *see also Yuzefovsky*, 261 Va. at 102, 540 S.E.2d at 136-37 ("A demurrer

does not, however, admit the correctness of the pleader's conclusions of law."); *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) ("A demurrer does not admit the correctness of the pleader's conclusions of law.").

On demurrer, the Court must decide whether the plaintiff has alleged facts sufficient to state a cause of action. *See* Va. Code Ann. § 8.01-273. But, as the Supreme Court of Virginia has emphasized, "At the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pleaded and the reasonable inferences drawn therefrom are sufficient to state a cause of action." *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38, 44, 743 S.E.2d 132, 135 (2013).

## B. *Defendant's Demurrer to Count One: Continuing Trespass*

In the Amended Complaint, Plaintiff alleges two sources of damages: (1) the power lines which were discovered in 2011 to be unlawfully placed (these lines were subsequently abandoned, and the Plaintiff has requested that CenturyLink remove the lines so as not to attract vandals); and (2) the lines going along Leesville Road from the intersection with Goodman Crossing Road, which the Plaintiff alleges negatively impacts the value of the its land should the Plaintiff seek to build residential lots with driveways. Plaintiff's Amended Complaint ¶¶ 8, 12-13. These lines all appear to have been placed in 1982, when all parties believed that the erroneous VDOT permit gave authority to CenturyLink's predecessor in interest to place the lines. Thus, CenturyLink contends that the cause of action for trespass accrued in 1982, and the statute of limitations ran five years later, in 1987. Plaintiff disagrees.

## C. *Theory I: Continuing Trespass*

While agreeing that the statute of limitations for trespass is five years from the date of accrual, the parties disagree on the date of accrual. The Plaintiff argues that the continued presence of the lines on its property without a lawful right of way is a continuing trespass, which creates a series of new causes of action for trespass. *Id.* ¶ 13. However, the Supreme Court of Virginia has held that a continuing tort is one that occurs in intervals (such as periodic discharge of sewage) and not a tort that begins with one action and continues to cause damages (such as continuing seepage of pollutants resulting from one incident). *Hampton Rds. Sanitation Dist. v. McDonnell*, 234 Va. 235, 239, 360 S.E.2d 841, 843-44 (1987) ("If the wrongful act is of a permanent nature and one that produces 'all the damage which can ever result from it, [then] the entire damages must be recovered in one action,' and the statute of limitations begins to run from the date of the wrongful act. Conversely, when wrongful acts are not continuous but

occur only at intervals, each occurrence inflicts a new injury and gives rise to a new and separate cause of action. In the latter situation, a plaintiff's 'right of recovery . . . is limited by the statute to the damages sustained during the five years immediately preceding the institution of [the] suit'.") (internal citations omitted).

In this case, the placement of the lines in 1982 was a single act with all the damages stemming from that initial action. Accordingly, under the facts as pleaded in the Plaintiff's Amended Complaint, the cause of action accrued in 1982.

### D. *Theory II: Withdrawal of Permission*

Plaintiff also argues a withdrawal of permission theory to establish a claim for trespass. Under this theory, the Plaintiff concedes:

> [T]hat the sole question presented by this case is when the Defendant became a trespasser. If Defendant was a trespasser from the time it first buried its lines on the property in question notwithstanding Plaintiff's acquiescence in it doing so, then this claim is barred by the statute of limitations. . . . If, on the other hand, the cause of action for trespass did not accrue until Plaintiff withdrew its consent to the presence of the lines installed years before, and demanded Defendant either remove them from Plaintiff's property or pay for the right to leave them there, the claim was timely brought, and the Demurrer based on the statute of limitations must be overruled.

Plaintiff's Brief in Opposition, pp. 3-4.

The Plaintiff argues that trespass can arise when a landowner revokes previously granted permission for the alleged trespasser to be on the land. *Id.* at 2-3. (citing *Franconia Associates v. Clark*, 250 Va. 444, 447, 463 S.E.2d 670, 673 (1995)). The withdrawal of permission in this case, the Plaintiff asserts, is what gave rise to the cause of action for trespass, not the initial entry in 1982. *Id.* (Plaintiff's Brief in Opposition included as Exhibits two letters from Plaintiff to Defendant regarding permission, however for the purposes of a demurrer, the Court cannot consider such evidence).

The Plaintiff's argument raises a novel legal question. At issue is whether an *invalid* grant of eminent domain would constitute "permission" for the holder to be on land it believed that it had lawfully acquired without giving rise to a trespass claim, or, alternatively, whether the invalid "permission" was void *ab initio*, making the entrant a trespasser from the time of first entry? Further, if the invalid grant *does* constitute permission, who has the power to revoke the 'permission'?

Virginia law has not specifically addressed these issues yet. The Virginia law which does address trespass explains that:

> A trespass is an unauthorized entry onto property which results in interference with the property owner's possessory interest therein. . . . Thus, in order to maintain a cause of action for trespass to land, the plaintiff must have had possession of the land, either actual or constructive, at the time the trespass was committed.

*Cooper*, 248 Va. at 423, 448 S.E.2d at 406.

In accord with this precedent, any party who enters land without permission from someone who possesses that land is trespassing. Obviously, an individual with a *valid* permit granted through a *valid* condemnation process would not be a trespasser. However, as trespassing requires neither knowledge nor intent, an entrant *without a valid permit*, who also lacks the possessor's permission, is inherently a trespasser if his presence interferes with the owners' possessory interest. *Cooper*, at 423, 448 S.E.2d at 407 ("Civil liability may be predicated upon unintentional trespass, or upon acts done accidentally, inadvertently, or by mistake.") (internal citations omitted). Even if neither party realized that the entrant lacked an effective permit, mistake is not a valid defense to a civil claim of trespassing. *Spicer v. City of Norfolk*, 46 Va. Cir. 535, 542 (City of Norfolk, 1996) ("Virginia . . . still follows the ancient common law and allows the action [trespass] for an entry that is unintentional, accidental, inadvertent, or mistaken.") (internal citations omitted).

In this case, because there was never actual authority in the form of a valid permit for the Defendant to place the lines where it did, the Defendant's entrance onto the Plaintiff's land (and subsequent placement of the lines) was done without permission or authority, making the Defendant a trespasser at the time of entry in 1982. The parties may have reasonably relied on VDOT's invalid grant of authority, but a demurrer considers only the pleadings, which allege that CenturyLink's predecessor in interest entered the Plaintiff's land in 1982 without either a valid deed or permission from a landowner/possessor, and that such presence has interfered with the Plaintiff's possessory interest in the land. *See generally* Plaintiff's Amended Complaint. The 1982 entrance by Defendant thus meets all the elements of a trespass and was, accordingly, a trespass from the time of entry in 1982. The statute of limitations accrued in 1982 and ran in 1987, well before the Plaintiff's initial Complaint was filed.

### E. *Defendant's Demurrer to Count Two: Inverse Condemnation*

The Defendant also demurs to Count Two of the Plaintiff's Amended Complaint, alleging a cause of action for inverse condemnation. In this count, the Plaintiff contends that CenturyLink took the Plaintiff's land in eminent domain without properly compensating the Plaintiff for the taking. Plaintiff's Amended Complaint at 3-4. The facts pleaded in the Amended

Complaint, taken as true under the standard for demurrer, support this contention, though apparently the result of a mutual mistake on the part of all parties involved. Plaintiff's Amended Complaint alleges facts that, from the installation of the power lines in 1982 until the discovery of the error during a 2011 VDOT condemnation hearing, the Plaintiff was. not aware that the Defendant did not have a lawful right of way. *See generally* Plaintiff's Amended Complaint.

However, CenturyLink argues that the statute of limitations for inverse condemnation is three years (inverse condemnation is an action premised on implied contract), and ran in 1985. Defendant's Demurrer ¶ 5. Alternatively, even if the accrual date of the claim was tolled until discovery, the claim would still be time-barred because the Plaintiff admits to discovering the error during 2011.

The Defendant argues on page 12 of Defendant's Memorandum in Support of Demurrer that, because the Plaintiff knew of the error in 2011, there is no reason that the Plaintiff would be unable to file within the three-year statute of limitations. This argument impliedly argues that, even if the claim accrued in 2011 when the Plaintiff discovered the issue, the Plaintiff's complaint was still not timely. Thus, the three-year statute of limitations would have expired in 2014, well before the filing of the initial complaint in this case on September 8, 2015.

Under the circumstances, the Plaintiff's claim for inverse condemnation is time-barred, regardless of when the cause of action accrued. The Court, accordingly, sustains the Defendant's Demurrer as to Count Two of Plaintiff's Amended Complaint.

## Conclusion

Viewing the pleadings and evidence in the light most favorable to Plaintiff, the Court sustains the Defendant's Demurrer as to Count One of the Plaintiff's Amended Complaint for continuing trespass and sustains the Defendant's Demurrer as to Count Two of the Plaintiff's Amended Complaint for inverse condemnation.